### APPEAL OF THE GRAY PRINTING CO.

Docket No. 4503.     Decided September 30, 1926.

1. Additional salaries of officers for 1919 disallowed.

2. A loss by fire fully compensated by insurance does not affect invested capital.

3. In the absence of any evidence, a penalty assessment must be approved.

*George M. Gray*, for the petitioner.

*George G. Witter, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies for the years 1919, 1920, and 1921, as follows:

| | |
|---|---|
| 1919 | $3,276.02 |
| 1919, 25 per cent penalty | 819.02 |
| 1920 | 3.67 |
| 1921 | 16.38 |
| | 4,115.08 |

The petitioner alleges error on the part of the Commissioner in disallowing $4,500 additional salaries for the year 1919, and in reducing invested capital $12,181.75 by reason of adjustment of fire losses compensated by insurance.

### FINDINGS OF FACT.

The petitioner is an Ohio corporation with a capital stock of $75,000, and is engaged in the printing business. The petitioner was a close family corporation, the stock of which was owned by George M. Gray, his two sons, the wife of Gray, and the wife of one of his sons, all of whom were also directors. The father and the two sons gave all their time to the business of the petitioner and the wives merely held qualifying shares of stock and always acquiesced in the actions of the remainder of the board of directors. It was the practice of the father and the two sons to meet at eleven o'clock each morning to discuss and decide on business transactions, but no formal records or minutes were kept of these meetings. The officers of the petitioner drew nominal weekly salaries necessary for their living expenses, and after the close of the calendar year, and after the profits were ascertained, drew additional salaries for the preceding year. The amount of the increase was based upon the condition of the business at the end of the year, but no percentage of profits was allocated to salaries.

It was understood and agreed among the directors during the year 1919, as in former years, that the officers would be paid additional salaries after the ascertainment of the financial condition of the business at the close of the year December 31, 1919. Sometime in 1920, the three male members of the board of directors informally determined the amount of the additional salaries and directed that $4,500 stock be issued therefor. Owing to irregular bookkeeping methods, the entry of the $4,500 additional salaries was delayed until October 1, 1920, before being put upon the books. It was entered upon the books as of December 31, 1919. The petitioner kept its books on the accrual basis and made its returns on the basis of calendar years.

50144°—27——83

On January 13, 1917, the building, equipment, and stock of the petitioner were damaged by fire. As the result of an adjustment with the fire insurance company, the petitioner received $20,241.22 apportioned by the adjusters as follows:

| | |
|---|---:|
| Buildings_____ | $2, 870. 31 |
| Equipment_____ | 11, 508. 56 |
| Merchandise supplies, etc_____ | 5, 862. 35 |
| Total_____ | 20, 241. 22 |

The petitioner proceeded to restore and recondition its buildings, equipment and stock. Of the amount received from the insurance company, the petitioner spent $7,478.70 in restoring the equipment, and $2,870.31 was credited to the building account, the two items amounting to $10,349.01, leaving a balance of $9,892.21, the disposition of which is not disclosed by the evidence.

The petitioner further appreciated the merchandise and equipment account $2,289.52 to conform to an appraisal of the Lloyd Thomas Co., which sum was disallowed by the Commissioner in the computation of invested capital. The latter sum, together with the $9,892.21 above referred to, or a total of $12,181.73, is the amount of invested capital disallowed by the Commissioner and is in controversy. The petitioner concedes that the Commissioner is correct in respect of the item of $2,289.52.

OPINION.

Love: In this appeal we must decide whether or not the Commissioner erred in disallowing $4,500 as additional salaries for the year 1919, and in decreasing invested capital by $12,181.73.

It was the practice of the petitioner, as the books were kept on the accrual basis, to wait until after December 31 of the calendar year to fix the amount of the additional salaries and to charge it on the books as of December 31. Thus, in 1919, they drew nominal salaries with the understanding that, if the books at the end of the year showed a sufficient surplus, additional salaries would be fixed thereafter. After December 31, 1919, and sometime in 1920, the amount was fixed at $4,500, to be taken in stock. On account of the irregular manner of keeping book records, the actual issuance of stock for additional salaries did not occur until later in the year 1920, and the actual book entry was not made until October 1, 1920. We have held that a corporation can act through its directors informally without written minutes or formal resolutions and that the acts of its directors effected pursuant to oral understanding are binding upon such corporation. *Appeal of Reub Isaacs & Co.,* 1 B. T. A. 45.

However, in this appeal there is no evidence that the directors during 1919 even informally agreed upon additional salaries, specific in amount, or based upon percentage of profits at the end of the year. There was no action taken in 1919 that could be construed to be a legal obligation upon the petitioner to pay the additional salaries. In other words, no binding liability accrued in 1919; therefore, the petitioner is not entitled to deduct the additional salaries in that year. *Appeal of Van De Kamps Holland Dutch Bakers*, 2 B. T. A. 1247.

As to the decrease of invested capital by the Commissioner, it is admitted in the answer of the Commissioner that the petitioner's plant was damaged by fire in 1917, and that it collected $20,241.21 on its fire insurance policies. The Commissioner further admits that $7,478.70 of the insurance money was spent in restoring and reconditioning petitioner's equipment. There is no evidence to show what became of the remainder of the insurance money, and no allegation or admission on the part of the Commissioner as to how, when, or where it was used.

There is no evidence in the record to show whether or not the loss by fire was fully compensated by insurance. For the purposes of this case, it will be presumed that such loss was fully compensated. When the insurance money was paid to the petitioner by the insurance company, it evidently went into its treasury as cash, and hence there was no diminution of capital assets.

There was no evidence offered in reference to the 25 per cent penalty assessed by the Commissioner.

The Commissioner's determination in disallowing additional sala· ries in the amount of $4,500 and in reducing invested capital to the extent of $2,289.52 is approved. The further reduction of invested capital in the amount of $9,892.21 is disallowed.

In the absence of any evidence, the action of the Commissioner in assessing 25 per cent penalty must be approved.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*