ARCTIC ICE MACHINE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41289.   Promulgated July 21, 1931.

*H. A. Mihills, Esq.*, for the petitioner.
*M. E. McDowell, Esq.*, and *F. B. Schlosser, Esq.*, for the respondent.

1226

OPINION.

ARUNDELL: There is no dispute in this case as to the amount of gain realized by petitioner on the exchange detailed in the findings of fact. The question is whether or not the transaction is of such kind that the gain is not recognized for tax purposes under section 203 of the Revenue Act of 1926. The material parts of this section are set out in footnote.[1]

---

[1] SEC. 203 (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(b) (3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

\* \* \* \* \* \* \*

(e) If an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not distributed.

\* \* \* \* \* \* \*

(h) As used in this section and sections 201 and 204—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of \* \* \* substantially all the properties of another corporation) \* \* \*.

That income may be realized from an exchange of property for property, or a " conversion " as it is termed in *Eisner* v. *Macomber*, 252 U. S. 189, is well settled. See *Insurance & Title Guarantee Co.* v. *Commissioner*, 36 Fed. (2d) 842, affirming 12 B. T. A. 452. Section 203(a) definitely provides that upon the exchange of property " the entire amount of the gain  *  *  *  shall be recognized " save in those cases specifically excepted. " It is the exceptional case alone in which gain or loss is not to be recognized  *  *  *." *Sarther Grocery Co.*, 22 B. T. A. 1273. Also see footnote.[2] In *David B. Gann*, 23 B. T. A. 999, we held that " recognized " gain was the equivalent of " taxable " gain. Accordingly, if the gain realized by petitioner on the exchange is to escape tax, petitioner must bring itself clearly within the exceptions specified in section 203. *Pinellas Ice & Cold Storage Co.*, 21 B. T. A. 425.

Stated broadly, under the parts of the act applicable here, the gains that are excepted from recognition are those arising out of reorganizations where pursuant to the plan of reorganization the property or money received is distributed to the stockholders. Subsection (h) (1) defines a " reorganization " as meaning " (A) a merger or consolidation (including the acquisition by one corporation of substantially all the properties of another corporation)  *  *  *." Petitioner contends that it more than meets the test of subsection (h) (1) in that it transferred all of its properties by the bill of sale of July 7, 1927. It is true that that instrument does purport to effect a transfer of all the properties, and if it marked the end of the transaction we might be able to agree with petitioner's contention on this phase of the case. Following the transaction on through, we find the bill of sale followed by another document immediately transferring back to petitioner the receivables amounting to $849,464.70. The result of this latter document was that the York Company held title to the receivables only momentarily. When the passing of documents back and forth was completed the petitioner

---

[2] The purpose of section 203 was stated by Mr. A. W. Gregg, then special assistant to the Secretary of the Treasury, in a statement prepared for the use of the House Ways and Means Committee in connection with drafting the Revenue Bill of 1924, as follows:

The existing law provides in section 202(c), that no gain or loss is recognized from an exchange of property unless the property received in exchange has a readily realizable market value. Great difficulty has been experienced in administering this provision.

The question of whether, in a given case, the property received in exchange has a readily realizable market value is a most difficult one, and the rulings on this question in given cases have been far from satisfactory. Furthermore, the construction placed upon the term by the Department has restricted it to such an extent that the limitation contained therein has been applied in comparatively few cases.

The provision cannot be applied with accuracy, nor with consistency. *It appears best to provide generally that gain or loss is recognized from all exchanges, and then except specifically and in definite terms those cases of exchanges in which it is not desired to tax the gain or allow the loss.* This results in definiteness and accuracy, and enables a taxpayer to determine prior to the consummation of a given transaction the tax liability that will result therefrom.

was in exactly the same position as it was before with respect to the receivables, which represented about 32 per cent of the net book value of petitioner's assets. In other words, by the transactions of July 7, 1927, petitioner actually divested itself of only 68 per cent of its assets. This in our opinion was not "substantially all" of petitioner's properties within the meaning of the statute. We have repeatedly held, under the affiliation provisions of the Revenue Acts of 1918 and 1921, that 68 per cent stock ownership or control did not constitute "substantially all." *Associated Gas & Electric Co.*, 2 B. T. A. 263; *Ice Service Co.*, 9 B. T. A. 386; affd., 30 Fed. (2d) 230.

If a transaction of the sort here involved can be said to be within the provisions of the statute, then there is no limit to the proportion of assets that may be retained by a corporation by the device of passing bills of sale back and forth, and still escape tax on the gain realized on the exchange. Having regard for the practical result and the substance of the transaction rather than its mere form (*Southern Pacific Co.* v. *Lowe*, 247 U. S. 330; *Eisner* v. *Macomber*, 252 U. S. 189; *United States* v. *Phellis*, 257 U. S. 156), we conclude that the petitioner did not dispose of substantially all of its properties.

The cases of *Tulsa Oxygen Co.*, 18 B. T. A. 1283, and *National Pipe & Foundry Co.*, 19 B. T .A. 242, cited by petitioner, are readily distinguishable. In the *Tulsa Oxygen* case the purchasing corporation acquired all of the taxpayer's property except "the bare franchise right to be a corporation." In the *National Pipe* case the taxpayer conveyed all its property except a group of doubtful accounts having a face value of less than 5 per cent of the net book value of the assets transferred.

While this case was presented and argued largely on the method of handling the receivables, it is to be noted that subsections (b) (3) and (e) (1) of section 203—which are the only provisions of the statute at all approached by the situation here—provide for non-recognition of gain only where the money or property received is distributed "in pursuance of the plan of reorganization." Petitioner has failed to show what, if any, plan of reorganization it had, or that the distribution to its stockholders was made pursuant to any plan. The fact that the Ice Corporation had a plan for the acquisition of part of petitioner's properties does not establish that petitioner had any plan of reorganization.

*Decision will be entered for the respondent.*