## JOHN A. NELSON CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5146.

Circuit Court of Appeals, Seventh Circuit.
Feb. 23, 1935.

Before SPARKS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The taxpayer petitions for a review of a decision of the Board of Tax Appeals, assessing additional taxes based upon a holding that the transaction hereinafter discussed was not a reorganization within the meaning of the Revenue Act. Two questions are involved: First, whether a stipulation between the parties that on December 31, 1926, petitioner "was a party to a reorganization" is decisive of the question as to whether or not the transaction herein involved amounted to a reorganization within the meaning of section 203 (h) of the Revenue Act of 1926 (26 USCA § 934 (h); and, second, if such stipulation is not determinative, whether the transaction was a reorganization within the meaning of the statute.

In the stipulation of the parties before the Board, one recital was that on December 31, 1926, petitioner "was a party to a reorganization." If this stipulation is to be treated as an agreement "concerning the legal effect of admitted facts," it is obviously inoperative; "since the court cannot be controlled by agreement of counsel on a subsidiary question of law." Swift & Co. v. Hocking Valley R. Co., 243 U. S. 281, 289, 37 S. Ct. 287, 290, 61 L. Ed. 722.

The actual question presented to the Board necessary to a final decision upon the merits was whether there was a reorganization. The stipulation was clearly an attempt to stipulate the existing facts to be within a certain legal definition. Whether there was a reorganization in view of all the facts presented was a question of construction of statutory law, and the agreement between counsel as to such construction was not binding upon the court and must be disregarded. It was either an agreement that entirely removed the question from the proceeding, or it was an attempt to limit the function of the Board to decide the issues of liability. Consequently it is ineffective. To hold otherwise that a stipulation that facts which do not under the law constitute reorganization do effect a reorganization would necessitate that the court

entertain a question which is not in actual controversy between the parties but one based upon the stipulation of the parties as to a fictional situation, thus presenting a moot case, Swift & Company v. Hocking Valley R. Co., 243 U. S. 281, 37 S. Ct. 287, 61 L. Ed. 722. See Smith v. Commissioner (C. C. A.) 59 F.(2d) 533, holding that a stipulation that a certain transaction amounted to a gift did not exclude the Board or the court from determining that question; United States v. Pugh, 99 U. S. 265, 25 L. Ed. 322, holding that the ultimate effect of the facts which the evidence establishes is in the nature of a question of law subject to review by the court. The question of what constitutes a reorganization is one that arises from a consideration of all the facts and is not determined by a mere label or rubber stamp which the parties themselves put upon as the transaction. Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 79 L. Ed. — (January 7, 1935.) The Board, therefore, had before it for determination the question as to whether or not a reorganization occurred.

█ The facts are undisputed and disclose that the transaction does not come within the intendment of the congressional definition of reorganization. On November 18, 1926, petitioner entered into a contract with Elliott-Fisher Company, a Delaware corporation, under the terms of which the latter agreed to organize a new corporation with a capital stock of 12,500 shares of (nonvoting) preferred stock, and 30,000 shares of (voting) common stock, and to purchase all the common stock for $2,000,000 in cash. Thereafter, the new corporation purchased from petitioner substantially all of its property, with the exception of $100,000 in cash, paying therefor to petitioner $2,000,000 in cash and 12,500 shares of preferred stock in the new company. Out of the cash thus received petitioner called for redemption and retired its own preferred stock and distributed to its stockholders the preferred stock of the new company and the remainder of the cash received as purchase price. Petitioner was not dissolved. It retained its franchise and $100,000 in cash and acquired no interest in the corporation to whom it delivered its property, other than the preferred shares of stock, which it distributed to its stockholders. This preferred stock had no voice in the control of the new corporation, except in case of default in payment of dividends thereon. Petitioner remained liable for certain liabilities and for taxes.

When we analyze these facts, it is apparent that the transaction essentially constituted a sale of the greater part of petitioner's assets for cash and the preferred stock in the new corporation, leaving the Elliott-Fisher Company in entire control of the new corporation by virtue of its ownership of the common stock.

The controlling facts leading to this conclusion are that petitioner continued its corporate existence and its franchise and retained a portion of its assets; that it acquired no controlling interest in the corporation to which it delivered the greater portion of its assets; that there was no continuity of interest from the old corporation to the new; that the control of the property conveyed passed to a stranger, in the management of which petitioner retained no voice.

█ It follows that the transaction was not part of a strict merger or consolidation or part of something that partakes of the nature of a merger or consolidation and has a real semblance to a merger or consolidation involving a continuance of essentially the same interests through a new modified corporate structure. Mere acquisition by one corporation of a majority of the stock or all the assets of another corporation does not of itself constitute a reorganization, where such acquisition takes the form of a purchase and sale and does not result in or bear some material resemblance to a merger or consolidation. As was said in West Texas Refining & Development Co. v. Commissioner (C. C. A.) 68 F.(2d) 77, 80: "The purpose of section 203, supra, was to relieve corporations from profits taxes in cases where there is only a change in corporate form without an actual realization of any gain from an exchange of properties. It is intended to apply to cases where a corporation in form transfers its property, but in substance it or its stockholders retain the same or practically the same interest after the transfer. See Cortland Specialty Co. v. Commissioner (C. C. A. 2) 60 F.(2d) 937, 940; Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U. S. 462, 53 S. Ct. 257, 77 L. Ed. 428; Id. (C. C. A. 5) 57 F.(2d) 188. Here it was contemplated that in substance the West Texas Company should dispose of its assets and receive therefor a cash consideration, and also stock. What was done amounted to a single transaction for income tax purposes, and when it was fully consummated the West Texas Company had received only a 50% stock interest in the Col-Tex Company and $184,771.34 in cash.

Therefore the transaction was not within the exceptions defined in section 203, supra, and must be considered as a sale."

In the recent case of Gregory v. Helvering, supra, the Supreme Court has pointed out that it is essential, in order to carry into effect the intent of Congress in this respect, that an examination of the facts be had to determine whether there was indeed reorganization, even though the parties themselves may call a transaction a reorganization. The court held that though it had no right to inquire into the motive of taxpayers in performing a legal act, it did have a right to say that the claim of reorganization was a mere legal fiction.

The decision of the Board of Tax Appeals is affirmed.