JOHN A. NELSON CO. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 61. Argued November 19, 20, 1935.—Decided December 16, 1935.

*Mr. J. S. Seidman* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Wideman,* and *Messrs. James W. Morris* and *Sewall Key* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The petitioner contests a deficiency income assessment made on account of alleged gains during 1926. It claims that the transaction out of which the assessment arose was reorganization within the statute. Section 203, Revenue Act, 1926, c. 27, 44 Stat. 9, 11, is relied upon. The

pertinent parts are in the margin of the opinion in *Helvering* v. *Minnesota Tea Co., post,* p. 378.

In 1926, under an agreement with petitioner, the Elliott-Fisher Corporation organized a new corporation with 12,500 shares non-voting preferred stock and 30,000 shares of common stock. It purchased the latter for $2,000,000 cash. This new corporation then acquired substantially all of petitioner's property, except $100,000, in return for $2,000,000 cash and the entire issue of preferred stock. Part of this cash was used to retire petitioner's own preferred shares, and the remainder and the preferred stock of the new company went to its stockholders. It retained its franchise and $100,000, and continued to be liable for certain obligations. The preferred stock so distributed, except in case of default, had no voice in the control of the issuing corporation.

The Commissioner, Board of Tax Appeals and the court all concluded there was no reorganization. This, we think, was error.

The court below thought the facts showed "that the transaction essentially constituted a sale of the greater part of petitioner's assets for cash and the preferred stock in the new corporation, leaving the Elliott-Fisher Company in entire control of the new corporation by virtue of its ownership of the common stock."

"The controlling facts leading to this conclusion are that petitioner continued its corporate existence and its franchise and retained a portion of its assets; that it acquired no controlling interest in the corporation to which it delivered the greater portion of its assets; that there was no continuity of interest from the old corporation to the new; that the control of the property conveyed passed to a stranger, in the management of which petitioner retained no voice.

"It follows that the transaction was not part of a strict merger or consolidation or part of something that partakes of the nature of a merger or consolidation and has a real semblance to a merger or consolidation involving a continuance of essentially the same interests through a new modified corporate structure. Mere acquisition by one corporation of a majority of the stock or all the assets of another corporation does not of itself constitute a reorganization, where such acquisition takes the form of a purchase and sale and does not result in or bear some material resemblance to a merger or consolidation."

True, the mere acquisition of the assets of one corporation by another does not amount to reorganization within the statutory definition. *Pinellas Ice Co.* v. *Commissioner,* 287 U. S. 462, so affirmed. But where, as here, the seller acquires a definite and substantial interest in the affairs of the purchasing corporation, a wholly different situation arises. The owner of preferred stock is not without substantial interest in the affairs of the issuing corporation, although denied voting rights. The statute does not require participation in the management of the purchaser; nor does it demand that the conveying corporation be dissolved. A controlling interest in the transferee corporation is not made a requisite by § 203 (h) (1) (A). This must not be confused with par. (h) (2).

Finally, as has been pointed out in the *Minnesota Tea* case, *supra,* par. (h) (1) (B) was not intended to modify the provisions of par. (h) (1) (A). It describes a class. Whether some overlapping is possible is not presently important.

The judgment below must be

*Reversed.*