DAVID GROSS, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 79463–79466, 80767, 80768, 81082. Promulgated April 22, 1936.

*P. Robert G. Sjostrom, Esq.*, and *W. W. Arner, C. P. A.*, for the petitioners.

*Mason B. Leming, Esq.*, and *James D. Head, Esq.*, for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: Roland A. Wilson; Margaret Leiman, Executrix, Estate of Henry Leiman, deceased; W. J. Leiman; C. O. Anderson; George Stecher; S. P. Toland.

OPINION.

LEECH: These proceedings, consolidated for hearing and decision, ask redetermination of income tax deficiencies and penalties determined for the year 1931 in the following amounts:

| Name | Deficiency | Penalty | Total |
|---|---|---|---|
| David Gross | $1,148.45 | | $1,148.45 |
| Roland A. Wilson | 34,389.12 | | 34,389.12 |
| Margaret Leiman, executrix, estate of Henry Leiman, deceased | 220.85 | | 220.85 |
| W. J. Leiman | 32,764.27 | | 32,764.27 |
| C. O. Anderson | 126.81 | $31.70 | 158.51 |
| George Stecher | 431.83 | 107.96 | 539.79 |
| S. P. Toland | 83.67 | 20.92 | 104.59 |

The issue, presented in each case, is the correctness of respondent's action in including in income of the several petitioners an amount representing the fair market value of stock and cash received by them as stockholders of the Tampa Box Co. upon the acquisition of assets of that company by the Leiman-Weidman Box Co., as follows:

| Name | Shares Leiman-Weidman Box Co. received Jan. 1, 1931 | | Aggregate fair market value of shares of Leiman-Weidman Box Co. | Cash received Jan. 19, 1931 | Total |
|---|---|---|---|---|---|
| | Common | Preferred | | | |
| Roland A. Wilson | 1,552 | 3,105 | $344,029.40 | $55,200 | $399,229.40 |
| David Gross | 85 | 169 | 18,697.25 | 3,000 | 21,697.25 |
| W. J. Leiman | 1,552 | 3,105 | 344,029.40 | 55,200 | 399,229.40 |
| C. O. Anderson | 51 | 101 | 11,218.35 | 1,800 | 13,018.35 |
| George Stecher | 68 | 135 | 14,957.80 | 2,400 | 17,357.80 |
| S. P. Toland | 34 | 68 | 7,478.90 | 1,200 | 8,678.90 |
| Henry Leiman | 16 | 33 | 3,739.45 | 600 | 4,339.45 |

In each case of the last three named petitioners, the additional issue is presented of the penalty proposed for assessment for delinquency in the filing of a return for 1931.

Respondent has determined the deficiencies upon the theory that the distributions in question were ones made in liquidation of the Tampa Box Co. and taxable to the petitioners under section 115 (c) of the Revenue Act of 1928.[2] Petitioners contend that the stock of

---

[2] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\*    \*    \*    \*    \*    \*    \*

(c) *Distributions in liquidation.*—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of section 112 (h) of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subsection (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

the Leiman-Weidman Box Co. received by them was a distribution in connection with a reorganization as defined in section 112 (i) (1) of the Revenue Act of 1928 [3] and that the distribution to petitioners of the shares of stock was a nontaxable distribution under the provisions of section 112 (g) of the Revenue Act of 1928.[4]

The facts are formally stipulated and we include by reference the stipulation filed as our findings of fact. Briefly stated, the facts are that the Tampa Box Co., a Florida corporation, and Weidman, Fisher & Co., a copartnership, both located at Tampa, Florida, had been engaged for many years in the manufacture of containers for cigars.

In 1930 the stockholders of the Tampa Box Co. were the petitioners David Gross, Roland A. Wilson, C. O. Anderson, W. J. Leiman, George Stecher, and S. P. Toland, together with Henry Leiman, now deceased, whose administrator is petitioner under Docket No. 79465. In addition to these one Walter Smith, not a party to these proceedings, was the owner of 50 shares of stock.

In 1930 a plan was evolved by the stockholders of the Tampa Box Co. and Weidman, Fisher & Co. to organize a new corporation, the Leiman-Weidman Box Co., to acquire and operate these two businesses. Shortly prior to the close of that year the stockholders of the Tampa Box Co. duly authorized the directors to convey to the new corporation, when organized, all its operating assets, retaining only certain assets consisting of cash, stock, bonds, and accounts receivable, and to accept, in exchange, stock of the new corporation in an amount equal to the appraised value of the assets conveyed.

The new corporation, Leiman-Weidman Box Co., was organized December 29, 1930, with an authorized capital stock of 10,000 shares of preferred stock of a par value of $100 per share and 5,000 shares no par value common stock. In pursuance of the plan there were

---

[3] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\* \* \* \* \* \* \*

(i) *Definition of reorganization.*—As used in this section and sections 113 and 115—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

[4] (g) *Distribution of stock on reorganization.*—If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

conveyed to the new corporation by the Tampa Box Co. assets of a total net value of $747,890, as follows:

| | |
|---|---|
| Accounts receivable | $52,486.06 |
| Notes receivable | 1,800.00 |
| Inventories | 382,157.83 |
| Land | 68,582.81 |
| Improvements, buildings, and equipment | 170,874.59 |
| Prepaid expenses | 4,488.71 |
| Cash | 67,500.00 |

The assets thus transferred to the new corporation constituted 80.69783 percent of the total value of all of the assets of the Tampa Box Co. In exchange for these assets the new corporation issued 6,750 shares of preferred and 3,375 shares of its common stock direct to the stockholders of the Tampa Box Co. in individual amounts in proportion to their stockholdings. This action was taken at the direction of the Tampa Box Co.

After this transfer of assets by the Tampa Box Co. it had remaining assets and liabilities, exclusive of capital stock, as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | $53,947.47 | Accounts payable to officers and stockholders | $57,505.70 |
| Liberty bonds | 141,539.07 | | |
| Accounts receivable from officers | 11,456.99 | | |
| Life insurance cash surrender value | 29,450.50 | | |
| Total | 236,394.03 | Total | 57,505.70 |

On January 1, 1931, the partnership of Weidman, Fisher & Co. transferred to the new corporation approximately 96 percent of the partnership assets. These assets had an appraised value of $359,537.25. In exchange for these assets the new corporation issued direct to the members of the partnership 3,250 shares of preferred and 1,625 of common stock.

Immediately upon the transfer of these assets to the new corporation the latter took possession of the transferred property of both the Tampa Box Co. and the partnership and continued the operation of the business of both. The officers and directors of the new corporation were selected from the officers of the old corporation and the partnership. Following the conveyance of these assets the Tampa Box Co. and the partnership did no further manufacturing business.

On January 19, 1931, the Tampa Box Co. paid a cash dividend of $120,000 to its stockholders from the assets retained. After the payment of this dividend it had remaining, net assets of $50,199.11, consisting of accounts receivable, cash, and bonds. By the payment of the dividend in question its capital of $100,000 was impaired to the extent of $49,800.89. It filed an income tax return for the calendar year 1931 reporting the corporation as "Inactive" and that its "Assets

[had been] turned over to Leiman-Weidman Box Co. for stock $747,-890.00." In January 1932 a meeting of the stockholders of the Tampa Box Co. was held and the secretary reported that such company was still holding assets in the aggregate amount of $49,800.89. He suggested that $40,000 of this amount be distributed as a dividend to stockholders and that the company then be reincorporated, under the laws of Florida,[5] for the sole purpose of maintaining ownership of the name "Tampa Box Company", which was valuable, and because it might be otherwise desirable to maintain its legal existence. The action recommended was taken, and the distribution of $40,000 made. It is now maintained as a wholly inactive corporation with a capital of $10,000.

The petitioners contend that the circumstances under which the Leiman-Weidman Box Co. acquired these two manufacturing businesses bring the transaction within the heretofore cited provisions of the Revenue Act of 1928 as a reorganization and that the distribution of the stock of the Leiman-Weidman Box Co. was in pursuance of a plan of reorganization and, consequently, not taxable. It is their contention that the Tampa Box Co., the partnership of Weidman, Fisher & Co., and the Leiman-Weidman Box Co. were all "parties to a reorganization" within contemplation of the statute.

We think it clear beyond the necessity for argument that if petitioners are entitled to exemption of tax upon the stock distributed, that exemption must depend upon whether the transfer of the assets of the Tampa Box Co. to the Leiman-Weidman Box Co., considered without reference to the conveyance of assets of the partnership, brings the transaction within the statute. The language of the section is clear. The reorganization there contemplated is one in reference to the acquisition of assets or stock of one "corporation" by another. A transfer by a partnership may be without tax consequence under section 112 (b) (5) of the Revenue Act of 1928,[6] since that section applies to "persons", but such a transaction is not within the reorganization provisions, which are limited specifically to transactions between corporations.

It necessarily follows that if this distribution to stockholders of the Tampa Box Co. is nontaxable, it is so because the transfer of

---

[5] Laws of Florida, ch. 10096, approved June 1, 1925.
[6] SEC. 112. RECOGNITION OF GAIN OR LOSS.

 *  *  *  *  *  *  *

(b) *Exchanges solely in kind.*—

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

assets by that corporation to the Leiman-Weidman Box Co. constituted a reorganization within the definition of section 112 (i) (1). Petitioners do not contend that the transaction is either a strict merger or consolidation or that it falls within the subparagraphs (B), (C) and (D) of the foregoing section. Their position is that the transaction is within the purview of the parenthetical clause of subsection (A) since it resulted in the acquisition by the Tampa Box Co. of a majority of the voting stock and a majority of the total number of shares of all other classes of stock of the Leiman-Weidman Box Co. and was also an acquisition by the latter company of substantially all of the assets of the Tampa Box Co.

Let us consider these contentions. The Tampa Box Co. is the corporation whose business is acquired. The Leiman-Weidman Box Co. is the *acquiring corporation* in the sense that the word "acquire" is used in the parenthetical clause of subsection (A). This is the construction placed upon that section by article 574 of the Commissioner's Regulations 74 and has been recognized as correct by the decisions of both the courts and the Board. In *Minnesota Tea Co.* v. *Commissioner*, 76 Fed. (2d) 797, the court quoted with approval the ruling in G. C. M. 1753, VI–1 C. B. 138, that:

Section 203 (h) (1) (A) is not inconsistent with section 203 (h) (1) (B). One supplements the other. For example, a transfer of *all* the assets of a corporation constitutes a reorganization under the second part of definition (A) irrespective of the element of 80 per cent control demanded by definition (B). Again, a transfer of but a part of the assets of a corporation can never, of itself, result in a reorganization under section 203 (h) (1) (A), but it does result in a reorganization under section 203 (h) (1) (B) if there is present an additional element, namely, immediate control of the transferee corporation by the transferor or its stockholders, or both.

In *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937, it is recognized that subsection (A) of section 112 (i) (1) is limited to transactions involving the acquisition by the continuing corporation of property or stock of the discontinuing corporation. So also in *Georgia M. Spangler*, 29 B. T. A. 263, where, as here, a part of the assets of one corporation were transferred to a newly organized corporation for all of the stock of the latter, we held that such transaction did not constitute a reorganization under subsection (A) of the parenthetical clause, but under the provisions of subsection (B). In the present case the facts admittedly do not bring the transaction within the provisions of subsection (B), since neither the Tampa Box Co., its stockholders, nor both, were in control of the Leiman-Weidman Box Co. after the transfer by reason of ownership of 80 percent or more of its stock.

We hold that the acquisition by the Tampa Box Co. of the majority of the stock of the Leiman-Weidman Box Co. did not consti-

tute a reorganization under subsection (A). We are further of the opinion that the Leiman-Weidman Box Co. did not acquire substantially all of the assets of the Tampa Box Co. The record establishes the fact that the Leiman-Weidman Box Co. acquired assets of a total value of $747,890, that these included all of the operating assets of the Tampa Box Co., together with certain notes and accounts receivable and cash, and that the assets transferred constituted 80.69783 percent of the total assets of the Tampa Box Co. It is true that the Tampa Box Co. has remained inactive following this conveyance. But, in the disputed transfer, the Tampa Box Co. retained net assets of nearly $180,000. These were approximately 20 percent of its total assets before the transfer. About 80 percent of its assets were conveyed to the new corporation. That was not substantially all of its assets. *Arctic Ice Machine Co.*, 23 B. T. A. 1223. In our judgment, the authority of this case is not weakened by the decision of the Supreme Court in *Nelson Co.* v. *Helvering*, 296 U. S. 374. In that case, the Supreme Court treated the Elliott-Fisher Co. as having acquired substantially all the assets of the John A. Nelson Co., although the latter retained assets of a value of $100,000. The record there does not show the percentage of its total assets that were thus retained. However, the John A. Nelson Co. received, in the transfer, cash and preferred stock in the amount of $3,250,000. Assuming that assets in an equivalent value were transferred for that consideration, then the assets in the amount of $100,000, retained by that company, were less than 4 percent of the assets it transferred.

Nor is our conclusion that the questioned transfer here did not constitute substantially all the assets of the transferor corporation changed by the fact that within a few days after the conveyance of its assets to the Leiman-Weidman Box Co., the Tampa Box Co. distributed the greater portion of its retained assets in the form of a liquidating dividend to its stockholders. *Alice V. St. Onge*, 31 B. T. A. 295.

In our opinion, the disputed transaction disclosed here falls within section 112 (b) (5) of the Revenue Act of 1928. Both the Tampa Box Co. and the partnership are "persons" as that term is defined by section 2 (a) (1) of the Revenue Act of 1926,[7] and the transfer in question clearly included properties owned by them, in exchange for all of the stock of the transferee corporation, issued to them in proportion to their ownership of the property conveyed. It follows that, as to the Tampa Box Co., there was no gain or loss upon this transfer, but that the distribution of this stock by it to its own

---

[7] SEC. 2 (a) When used in this Act—

(1) The term "person" means an individual, a trust or estate, a partnership, or a corporation.

stockholders through its direction to the Leiman-Weidman Box Co. constituted a distribution by the Tampa Box Co. in partial liquida- tion. The fact is established that it was the purpose of the Tampa Box Co. to liquidate and that this distribution was a part of the plan completed by further distributions which reduced its capital stock to a nominal amount. Such distributions are taxable to these peti- tioners under section 115 (c) of the Revenue Act of 1928.

There is no controversy as to the amount of gain realized by peti- tioners upon the distributions to them by the Tampa Box Co. Ac- cordingly, the deficiencies, as determined by respondent, are ap- proved. With respect to the petitioners Anderson, Stecher, and Toland, respondent has proposed negligence penalties of 25 percent. Anderson and Stecher did not file income tax returns for the year 1931. Toland's return for that year was not filed until May 7, 1935, and no cause for his failure to file a timely return is shown. Under these circumstances the penalties have been properly imposed. Rev- enue Act of 1928, sec. 291; *Moulton Green, Trustee*, 24 B. T. A. 1121; *Gray Printing Co.*, 4 B. T. A. 1264.

*Judgment will be entered for the respondent.*