CORPUS CHRISTI TERMINAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88103.  Promulgated October 18, 1938.

*George S. Atkinson, Esq., Wesley E. Seale, C. P. A.,* and *M. S. Carneiro, C. P. A.,* for the petitioner.
*Edward C. Adams, Esq.,* for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency in petitioner's income tax for the calendar year 1934 of $8,929.93 and a deficiency in excess profits tax for the year in the amount of $786.78. The only question in issue is the amount of petitioner's taxable gain or deductible loss from the sale in 1934 of certain assets which it acquired in 1931.

The facts are not in dispute. On September 1, 1934, the petitioner sold all of its physical assets and good will to the General American Transportation Corporation for a total consideration of $150,000, consisting of $75,000 cash and noninterest-bearing promissory notes for the balance.

It is agreed that the assets which the petitioner sold in 1934 were acquired in 1931 in a reorganization of the Eggleston Oil Corporation of San Antonio, Texas, as of October 1, 1931. The Eggleston Oil Corporation was organized in 1928 as a successor to George B. Eggleston & Co. Petitioner was organized pursuant to a contract entered into August 20, 1931, between the Eggleston Oil Corporation and the Pure Oil Co. of Ohio.

Upon petitioner's organization and pursuant to the contract of August 20, 1931, it acquired all of the physical assets of the Eggleston Oil Corporation, of a book value of $178,989.81, in exchange for 600 shares of its class A preferred stock, 182 shares of its class B preferred

stock, and the assumption of the transferor's liabilities in the amount of $100,789.81. Petitioner's total capitalization consisted of 600 shares of class A preferred stock, 182 shares of class B preferred stock, and 1,000 shares of common stock, all of no par value. The preferred stock was nonvoting. All of the preferred stock had a "declared" value of $100 per share. The common stock was all sold for cash at 10 cents per share, 400 shares being subscribed for by the Eggleston Oil Corporation and 600 shares by the Pure Oil Co.

The assets of the Eggleston Oil Corporation were transferred to the petitioner pursuant to the contract of August 20, 1931, at a net valuation of $178,989.81, which was the fair market value of the petitioner's preferred stock, plus the amount of the Eggleston Oil Corporation's indebtedness assumed by the petitioner. The assets were entered in petitioner's books at approximately that figure.

Assets which the petitioner sold to the General American Transportation Corporation on September 1, 1934, consisted of the fixed assets acquired from the Eggleston Oil Corporation in 1931, plus the additions thereto from that date to the date of the sale.

In its income tax return for 1934 the petitioner reported a loss on the sale of the assets in question of $1,683.21, being the difference between the alleged cost basis of $178,343.72 less depreciation of $26,660.51, and the selling price of $150,000. The respondent has determined that the cost basis of the assets to the petitioner was $86,988.23; that the petitioner acquired the assets in 1931 in a nontaxable transfer from the Eggleston Oil Corporation. The respondent's determination is based on the report of a revenue agent who made an examination of petitioner's books in connection with its returns for 1933 and 1934. The report was submitted in evidence on agreement of counsel that the facts therein stated were true and correct. The cost basis to petitioner of the assets in question, plus additions, and after proper adjustments for depreciation to the date of sale, is shown in the report as $86,988.23, which is the cost basis used by the respondent in his deficiency notice.

The question presented for our determination is the correct basis to be used in computing petitioner's profit or loss upon the sale of the assets to the General American Transportation Corporation in 1934. The petitioner contends that such basis is the cost of the assets to the petitioner under section 113 (a) of the Revenue Act of 1934, or the cost of the assets to the Eggleston Oil Corporation plus its recognized gain on the transfer to the petitioner under section 113 (a) (7). The result would be the same in both cases; that is, the cost basis would be $178,343.72, less depreciation deducted on its tax returns of $25,621.16, or $152,722.56. The respondent con-

tends that this basis should be reduced by $65,734.33, which is the amount shown by the revenue agent's report as the gain realized by the predecessor corporation upon the sale of the assets in 1931 but which, he contends, was not a recognized gain of the Eggleston Oil Corporation. The pertinent provisions of the Revenue Act of 1934 are as follows:

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(7) TRANSFERS TO CORPORATION WHERE CONTROL OF PROPERTY REMAINS IN SAME PERSONS.—If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

Since the acquisition of the assets in question by the petitioner occurred in 1931, we must look to the provisions of the Revenue Act of 1928 for the purpose of determining the gain or loss recognized by the transferor in 1931. Section 112 of the Revenue Act of 1928, under the caption of "Recognition of Gain or Loss," reads in part as follows:

(a) *General rule.*—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

\* \* \* \* \* \* \*

(d) *Same-gain of corporation.*—If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not so distributed.

Under section 112 (d) (2) above the recognized gain to the Eggleston Oil Corporation on the transfer of the assets to the petitioner in 1931 was not in excess of the fair market value of the property

received other than petitioner's stock; there was no money passed in the transaction. The consideration for the transfer was the petitioner's preferred stock and the assumption of the $100,789.81 indebtedness of the transferor. The Supreme Court held, in *United States* v. *Hendler*, 302 U. S. 680, that the assumption of a transferor's indebtedness by a transferee as consideration for the transfer of assets was the equivalent of the payment of cash and that the amount of such assumed indebtedness should be included in computing the recognizable gain to the transferor under section 112 (d) of the Revenue Act of 1928. To the same effect are *Brons Hotels, Inc.*, 34 B. T. A. 376; and *Theodore Ebert, Jr., Estate*, 37 B. T. A. 186.

Since under the decision of the Supreme Court in *United States* v. *Hendler*, *supra*, the assumption of indebtedness by the petitioner corporation of $100,789.81 is to be treated the same as cash, the entire amount of the Eggleston Oil Corporation's gain of $65,734.33 in 1931 upon the transaction was taxable gain.

The evidence does not show whether the transferor paid a tax for 1931 upon the taxable gain to it of $65,734.33. It is immaterial, however, whether it paid the tax upon such gain or not. The "recognizable" gain to the transferor must be added to the cost basis of the predecessor corporation in arriving at the cost basis of this petitioner. *David B. Gann*, 23 B. T. A. 999; affd. (C. C. A., 7th Cir.), 61 Fed. (2d) 201; certiorari denied, 287 U. S. 650.

It is unnecessary to decide whether the gain or loss upon the sale of the assets by the petitioner in 1934 is to be based upon the cost to the petitioner of those assets, or whether the transaction falls under section 113 (a) (7) of the Revenue Act of 1934, as the petitioner contends. If the basis of the property sold is the "cost of such property," then the cost basis is $152,722.56. If, on the other hand, the transaction falls under section 113 (a) (7) of the Revenue Act of 1934, the recognizable gain to the transferor must be added to the cost basis of the transferor. That recognizable gain was $65,734.33, which, added to the cost basis of the transferor, $86,988.23, results in a cost basis to the petitioner of $152,722.56.

Since the cost basis to the petitioner is $152,722.56 and the sale price $150,000, the petitioner sustained a deductible loss of $2,722.56 upon the sale in 1934. Petitioner's tax liability for the year 1934 will be redetermined accordingly.

The parties have stipulated that on December 23, 1936, the petitioner paid additional tax for 1934 in the amount of $7,127.14 and that in the determination of that amount an overpayment was credited for 1933 of $34.38 tax and $3.90 interest.

*Judgment will be entered under Rule 50.*