**COMMISSIONER OF INTERNAL REVE-NUE v. CORPUS CHRISTI TER-MINAL CO.**

**No. 9987.**

Circuit Court of Appeals, Fifth Circuit.

April 3, 1942.

Robert N. Anderson, Sewall Key, J. Louis Monarch, and Gerald L. Wallace, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Wesley E. Seale, of Corpus Christi, Tex., and Geo. S. Atkinson, of Dallas, Tex., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The ultimate question for decision is what is the gain or loss basis of certain assets sold by respondent in 1934 for $150,000. For the prior history of this case, see Corpus Christi Terminal Co. v. Commissioner, 38 B.T.A. 944; Commissioner v. Corpus Christi Terminal Co., 5 Cir., 110 F.2d 651; and Id., March 21, 1941, 43 B.T.A. 1207.

The taxpayer corporation was created in 1931 pursuant to a contract between the Eggleston Oil Corporation and the Pure Oil Company of Ohio. The assets that it sold in 1934 were acquired in 1931 in a reorganization of the Eggleston Oil Corporation in accordance with the contract. All of the physical assets of the Eggleston Oil Corporation, of a book value of $178,-989.81, were transferred to respondent in exchange for all of respondent's preferred stock, 782 shares of a declared value of $100 per share, and the assumption of the transferor's liabilities in the amount of $100,789.81. In addition to its preferred

stock, respondent issued 1000 shares of no-par-value common stock that it sold, 400 shares to Eggleston and 600 shares to Pure Oil, at 10¢ per share.

The Commissioner contends that the transaction by which title to the property was transferred in 1931 was a statutory tax-free reorganization, and that the assets in the hands of the respondent had the same gain or loss basis as they would have in the hands of the transferor, namely $86,988.23. The respondent takes the position that it acquired these assets in 1931 by purchase, and that the adjusted cost of the assets to it, $152,722.56, is the proper basis for computing its gain or loss. In the alternative it contends that the proper basis is the sum of $152,722.56, even if it acquired the assets in a non-taxable re-organization, because fifty per cent or more of the interest or control in the property did not remain in the same persons immediately after the transfer.

■■■ The transaction in 1931, whereby the taxpayer, pursuant to a plan of re-organization, acquired substantially all of the assets of the Eggleston Oil Corporation in exchange for all of its preferred stock and the assumption of the transfer-or's indebtedness, was a reorganization within the contemplation of the Revenue Act of 1928.[1] It also seems plain that the transferor owned more than a fifty per cent interest in the assets immediately after the tranfer, since it then possessed preferred stock in the transferee corporation valued at $78,200, a sum equivalent to the total value of the actual equity in the assets it transferred, in addition to common stock valued at $40. The only other owner of any interest in the transferee was the Pure Oil Company, which held common stock valued at $60. The gain or loss basis must therefore be determined in accordance with Section 113(a) (7) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev. Acts, page 382, which provides that in such circumstances the gain or loss basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to 1931.

It is agreed that the cost basis of the assets in the hands of the transferor was $86,988.23. The remaining question to be determined, in order to ascertain the true gain or loss basis of the respondent, is the amount, if any, by which this sum should be increased or decreased by the gain or loss, if any, recognized to the Eggleston Corporation upon the transfer.

The law applicable in 1931 was the Revenue Act of 1928. Section 112(b) (4) of that act, 26 U.S.C.A. Int.Rev.Acts, page 377, provides that no gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization. The transaction in question involved an exchange of property, pursuant to a plan of reorganization, by a corporation that was a party to the reorganization, for stock in another corporation that was a party to the reorganization. But stock alone was not exchanged, for the respondent also assumed the indebtedness owed by its transferor. It was upon the theory that the assumption of the debt constituted an exchange for other property or money in addition to the stock that the Board of Tax Appeals, upon the authority of United States v. Hendler, 303 U.S. 564, 58 S.Ct. 655, 82 L.Ed. 1018, found for the taxpayer.

The Hendler case was decided March 28, 1938. In view of that decision, Congress enacted Section 213(f) of the Revenue Act of 1939, 26 U.S.C.A. Int.Rev.Acts, page 1177. This statute was expressly made effective retroactively with respect to all revenue acts beginning with that of 1924. Its provisions fit this case precisely, and it is effective to sustain the Commissioner's contention that no gain or loss properly could be recognized by reason of the assumption by the taxpayer of the debt owed by the Eggleston Oil Corporation. Under the provisions of Section 112(b) (4) of the Revenue Act of 1928, read in conjunction with Section 213(f) of the Revenue Act of 1939, the cost basis of the assets in the hands of the transferor became the gain or loss basis in the hands of this taxpayer, and the tax liability should have been computed in accordance with the Commissioner's determination.

[1] Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284; Nelson Co. v. Helvering, 296 U.S. 374, 377, 56 S.Ct. 273, 80 L.Ed. 281; Sec. 112 (i) (1) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 379.

The order under review is reversed, and the cause is remanded to the Board of Tax Appeals for further proceedings not inconsistent with this opinion.