OPINION. Leech, Judge-. Petitioner asks us to find from the evidence introduced upon the rehearing that the patents in question had a cost to it of $3,000,000. This we can not do. That evidence was directed to the question of value, whereas the question we have is one of cost. Moreover, that evidence consists, of an opinion based upon such uncertain factors that we do not think it carries weight in determining the value of the patents. We are convinced, however, from the testimony that the patents had great value, largely in excess of the total amounts paid by petitioner in the year 1940, and have so found. Petitioner acquired the patents from four individuals. The patents had varying lives. The consideration to be paid for the patents was 80 percent of the yearly income received by petitioner from licenses granted by it to use- the patents. The four individuals further- contracted, in consideration of petitioner’s agreement to make these annual payments, to perform services in keeping up the patents, all improvements thereon invented by them to become the property of the petitioner. Thus the amount of $42,209.76, paid in 1940 by petitioner under the contract, in no sense constitutes the total cost of the patents. This cost includes the future payments which will be made and can not be determined until the expiration of the patents, at which time their value passes out. Of course, it is unquestioned that petitioner is entitled to recover this total cost through reasonable deductions for exhaustion over the period of their lives. The obstacle to computation of depreciation over the term of the lives of the patents in the ordinary way by a proration of total cost is the fact that we have here the first year of the term. It is impossible to determine in this year what the total cost will be, since it will include a percentage of earnings of petitioner in each year of that term. These earnings can not now be determined. Under these conditions, it is respondent’s contention that for the year 1940 there should be allowed as depreciation only a proportionate part of the $42,209.76 paid in that year, the balance of that cost to be prorated over the succeeding years of the lives of the patents, and that in each succeeding year there should be allowed depreciation upon payments made therein based upon the then remaining lives of the patents, petitioner to be allowed this amount plus the amount of depreciation allocated to such succeeding year from prior payments. It will readily be seen that although this method of computation will give to the petitioner aggregate theoretical deductions for depreciation equaling the total ultimate cost, its practical result will be an entirely inadequate allowance for depreciation at' the beginning of the term and excessive allowances for depreciation at the end. Actually, in the later years, the depreciation allowances would largely exceed inconje from the patents. Under such a method of computation the petitioner might not, in fact, recover its cost from income. Petitioner’s contention is that the cost payment made each year is subject to depreciation in its full amount because it is a cost pertaining to that year alone and measured by income over that period. It is argued that, with an allowance so made, at the close of the lives of the patents the petitioner will have recovered the amount of their cost prorated equitably over their lives. Section 28 (1) provides for “a reasonable allowance” for depreciation. It provides no specific method for its computation. Respondent’s regulations[1] recognize the fact that there is no fixed rule, but that the cost should be apportioned over the useful life in such ratable amount as may reasonably be considered necessary to recover during the remaining useful life of the property the unrecovered cost or other basis. The situation here is unusual. But we think that the method for computing depreciation for which petitioner argues gives it a reasonable, and not more than a reasonable, allowance, whereas the method urged by respondent might deny petitioner the recovery of its cost and would unquestionably result in a distortion of income. The situation here is substantially identical with that in John A. Nelson Co., 28 B. T. A. 529, in which case we allowed deduction of the yearly payment. The Nelson case, supra, was reviewed by the Circuit Court and our decision was affirmed (75 Fed. (2d) 696). On certiorari to the Supreme Court the opinion of the Circuit Court was reversed (296 U. S. 374). In the review by the Circuit Court and the Supreme Court, the issue in that case of the propriety of the deduction allowed by our opinion was not involved. Accordingly, we have found here, as we did in our earlier opinion, that petitioner acquired legal and equitable title to the patents in question prior to the tax year. But we now hold that in computing its contested taxes for that year petitioner is entitled to a deduction for exhaustion of the patents equal to the total payments of $42,209.76-made in that year. Decision will he entered for the petitioner. Regulations 111— “Sec. 29.23 (l)-5. Method of Computing Depredation Allowance. — The capital sum to be recovered shall be charged off over the useful life of the property, either in equal annual installments or in accordance with any other recognized trade practice, such as an apportionment of the capital sum over units of production. Whatever plan or method of apportionment is adopted must be reasonable and must have due regard to operating conditions during the taxable period. The reasonableness of any claim for depreciation shall be determined upon the conditions known to exist at the end of the period for which the return is made. • * *”