OPINION. Kern, Judge: The respondent contends that petitioner’s basis for determining depreciation and depletion of the properties acquired from Weatherby is the cost of the properties to the petitioner. In support of this contention, respondent argues that the acquisition by Weatherby of the properties of American and their subsequent transfer to the petitioner constituted a transaction of bargain and sale and was not a “reorganization” within the meaning of section 112 (i) (1) (A) of the Revenue Act of 1928. Respondent asserts further that, even though it should be found that petitioner acquired the properties in connection with a reorganization, petitioner’s basis should still be its cost because immediately after the transfer an interest or control in such property of 80 percent or more did not remain in the same persons (or any of them) who had an interest or control in American, so as to bring the transaction within the exception provided by section 113 (a) (7) of the Revenue Act of 1928. Petitioner, on the other hand, urges that it is entitled to use the cost of the properties to its transferor, American, namely $2,013,285.45, as its basis for determining depreciation and depletion.[6] In support of this argument, petitioner asserts that it acquired the properties in connection with a “reorganization” within the meaning of section 112 (i) (1) (A) of the Revenue Act of 1928, and that immediately after the transfer an “interest or control” of 50 per centum or more in such properties remained in the same persons who had had “interest or control” in its transferor as required by section 113 (a) (7) of the Revenue Act of 1938, which section petitioner contends is applicable here rather than the corresponding section of the 1928 Act. Section 114 of the Revenue Act of 1938 provides that the basis for depletion and depreciation of any property shall be the adjusted basis provided in section 113 (b) for determining the gain upon the sale of such property.[7] Section 113 (b) of the 1938 Act refers us back to subsection (a) of 113, which provides that the basis of property shall be the cost of such property, unless the matter comes within one of eighteen well-defined exceptions. Subparagraph (7) of 113 (a), which is the only exception which could be applicable to the case at hand, provides :[8] (7) Transfers to corporation. — If the property was acquired— (A) after December 31, 1917, and in a taxable year beginning before January 1, 1936, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, or (B) in a taxable year beginning after December 31, 1935, by a corporation in connection with a reorganization, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. * * * It is our opinion that immediately after the transfer an interest or control in such property of 50 percent or more did not remain in the same persons or any of them; and that, consequently, petitioner is not entitled to use the basis of its transferor as to the property here involved under the provisions of section 113 (a) (7) of the Revenue Act of 1938. Therefore, we need not consider the arguments of the parties upon the question of whether the petitioner acquired its property in connection with a reorganization as that word is defined by section 112 (i) (1) (A) of the Revenue Act of 1928, for even if we assume arguendo that petitioner is correct in his contention that the transaction leading to the acquisition of its property constituted such a reorganization, it is impossible for us to conclude that the other prerequisite to the applicability of section 113 (a) (7) exists, i. e., that “immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them.” We agree with petitioner’s argument that the statute does not demand that the interest or control remain in identically the same persons, that is, in all of them; its terms are met if the statutory quantum of interest or control remains in any of them. Muskegon Motor Specialties Co. v. Commissioner, 134 Fed. (2d) 904; Commissioner v. Bankers Farm Mortgage Co., 145 Fed. (2d) 772. However, as a matter of simple arithmetic we can not agree that in the case here under consideration an interest or control in the American properties of 50 percent or more remained in the same persons or any of them. The petitioner issued prior lien notes totaling $149,943.82, including $2,924.94 in notes issued for interest allowed on the claims. These notes were issued to the original owners of claims against American or to their assignees and to the subscribers of new money. Petitioner also issued as a bonus to these same persons approximately 73,509 shares of class A and B common stock. The total amount of stock issued by petitioner was 1,093,750 shares of class A and class B common stock, 875,000 shares of class. B going to Weatherby alone. 73,509 shares represent but 6.72 percent of 1,093,750 shares. If, to give the petitioner the benefit of all possible doubt, we include the 150 shares of preferred stock in our computations as being equal to 15,000 shares of common stock, we find that at the most 7.98 percent of the total stock issued went to the creditors or their assignees and to subscribers of new money.[9] On the same basis, we find that out of 1,108,750 shares of stock, Weatherby received 875,000 or 78.91 percent. Certain substantial blocks of stock, not precisely determinable from the facts before us, were also issued to other individuals for services in the reorganization and other considerations. In any event, the amount of stock received by former creditors or their assignees falls far short of the 50 percent interest or control required by section 113 (a) (7) of the 1938 Act, or the 80 percent required by the similar provision of the 1928 Act. In support of its argument that an interest or control in the American property of 50 percent or more remained in the same persons, petitioner places great stress on the fact that 100 percent of the creditors of American, or their assignees, became 100 percent of the creditors of the petitioner, i. e., received all of the prior lien notes. We do not consider that the notes gave the recipients thereof any “interest or control” in the petitioner within the meaning of the statute. The term “interest” in the statute is used to designate a right in the nature of ownership, and not the limited rights of creditors.[10] The prior lien notes did not give their holders any such rights, since they merely vested the holders with creditors’ rights. Therefore the acquisition by creditors of American of these prior lien notes of petitioner gave them no interest or control in or of petitioner within the meaning of section 113 (a) (7). The fact that the creditors of American or their assigns owned 531,587 shares of American stock out of the 1,486,006 shares outstanding is without significance in determining “interest or control” remaining in the same persons. Nor is the fact that Weatherby owned 400 shares of American stock in any way material on this point. Any rights of beneficial ownership which holders of this stock had in the properties of American were wiped out by the receivership and the receiver’s sale, and were superseded by the rights of creditors. See Helvering v. Alabama Asphaltic Limestone Co., 315 U. S. 179. The stockholders of American who did receive prior lien notes or stock of the petitioner did not receive such notes or stock by virtue of any holdings of American stock, but whatever interests they received were in return for either new capital or for a claim or judgment which they held against American, or as in the case of Weatherby and his promotional associates, for services to the petitioner. Nor can the 875,000 shares of Weatherby be merged with the shares issued to creditors of American or their assignees to fill the requirement of 50 percent interest or control. Before the receivership sale, these creditors or their assignees had 100 percent “interest or control” in the American properties. Weatherby, a mere stockholder, had no part in such “interest or control” as to American, and yet after the transaction here in question Weatherby had an “interest or control” as to petitioner of over 50 percent. Decision will be entered under Rule 50. This figure of $2,013,285.45 is taken from a reconcilement of net worth of American filed by the receiver in the District Court in May 1022. SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION. (a) Basis for Depreciation. — The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property. (b) Basis for Depletion. — The basis upon which depletion is to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property * * *. 113 (a) (7) of the 1928 Act, which respondent contends should control here, is substantially the same as 113 (a) (7) of the 193S Act, except that 80 per centum interest or control is required. In view of our conclusions hereinafter expressed, it is unnecessary for us to decide whether the 1928 Act or the 1938 Act is applicable. See Nelson Co. v. Helvering (1935), 296 U. S. 374. See Mertens, Law of Federal Income Taxation (1942), yol. 3, p. 507 footnote: “The word ‘interest’ probably does not Include the defeasible interest of a bondholder as mortgagee of the property so transferred. The meaning of that word Is probably confined, as used in GCM 7472, CB IX-1, p. 191, to a direct interest and to only such an indirect Interest as is represented by ‘the ultimate or beneficial species of rights, in the nature of ownership, which the individual shareholder has in property the direct ownership of and the beneficial and legal title to which is in the corporation of which the individual is a shareholder.’ ”