## UNITED STATES *v.* HENDLER, TRANSFEREE.

No. 563.   Argued March 9, 1938.—Decided March 28, 1938.

*Mr. J. Louis Monarch,* with whom *Acting Solicitor General Bell, Assistant Attorney General Morris* and *Mr. Arnold Raum* were on the brief, for the United States.

---

*Messrs. William R. Semans* and *Randolph Barton, Jr.* for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The Revenue Act of 1928 [1] imposed a tax upon the annual "net income" of corporations. It defined "net income" as "gross income . . . less the deductions allowed . . . ," and "gross income" as including "gains, profits and income derived from . . . trades . . . or sales, or dealings in property, . . . or gains or profits and income . . . from any source whatever." [2]

Section 112 of the Act [3] exempts certain gains which are realized from a "reorganization" similar to, or in the nature of, a corporate merger or consolidation. Under this section, such gains are not taxed if one corporation, pursuant to a "plan of reorganization" exchanges its property "solely for *stock* or *securities,* in another corporation a party to the reorganization." But, when a corporation not only receives "stock or securities" in exchange for its property, but also receives "other property or money" in carrying out a "plan of reorganization,"

"(1) If the corporation receiving such other property or money *distributes* it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

"(2) If the corporation receiving such other property or money *does not distribute* it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized [taxed] . . ."

In this case, there was a merger or "reorganization" of the Borden Company and the Hendler Creamery Company, Inc., resulting in gains of more than six million dollars to the Hendler Company, Inc., a corporation of

---

[1] Revenue Act of 1928, c. 852, 45 Stat. 791, § 13.

[2] *Id.,* §§ 21–22.

[3] *Id.,* § 112.

which respondent is transferee. The Court of Appeals, believing there was an exemption under § 112, affirmed [4] the judgment of the District Court [5] holding all Hendler gains non-taxable.

This controversy between the government and respondent involves the assumption and payment—pursuant to the plan of reorganization—by the Borden Company of $534,297.40 bonded indebtedness of the Hendler Creamery Co., Inc. We are unable to agree with the conclusion reached by the courts below that the gain to the Hendler Company, realized by the Borden Company's payment, was exempt from taxation under § 112.

It was contended below and it is urged here that since the Hendler Company did not actually receive the money with which the Borden Company discharged the former's indebtedness, the Hendler Company's gain of $534,297.40 is not taxable. The transaction, however, under which the Borden Company assumed and paid the debt and obligation of the Hendler Company is to be regarded in substance as though the $534,297.40 had been paid directly to the Hendler Company. The Hendler Company was the beneficiary of the discharge of its indebtedness. Its gain was as real and substantial as if the money had been paid it and then paid over by it to its creditors. The discharge of liability by the payment of the Hendler Company's indebtedness constituted income to the Hendler Company and is to be treated as such.[6]

Section 112 provides no exemption for gains—resulting from corporate "reorganization"—neither received as "stocks or securities," nor received as "money or other property" and distributed to. stockholders under the plan of reorganization. In *Minnesota Tea Co.* v. *Helvering,*

---

[4] 91 F. (2d) 680.

[5] 17 F. Supp. 558.

[6] *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. 716, 729   *Douglas* v. *Willcuts,* 296 U. S. 1, 8, 9.

302 U. S. 609, it was said that this exemption "contemplates a distribution to stockholders, and not payment to creditors." The very statute upon which the taxpayer relies provides that "If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized [taxed] . . ."

Since this gain or income of $534,297.40 of the Hendler Company was neither received as "stock or securities" nor distributed to its stockholders "in pursuance of the plan of reorganization" it was not exempt and is taxable gain as defined in the 1928 Act. This $534,297.40 gain to the taxpayer does not fall within the exemptions of § 112, and the judgment of the court below is

*Reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.