**BICKFORD'S, Inc., v. HELVERING, Commissioner of Internal Revenue.**

No. 364.

Circuit Court of Appeals, Second Circuit.

July 18, 1938.

Kamerman & Witkin, of New York City (Charles M. Trammell, of Washington, D. C., and Theodore Witkin and Colman Gray, both of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Ass'ts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This case arises upon a petition to review an order of the Board of Tax Appeals, assessing a deficiency against the taxpayer, a corporation, on its income tax for the year 1931. The question is whether it might take as a basis for the depreciation of its assets their value in the year 1929, or should have resorted to that of earlier years; and that depends upon the proper meaning of § 113(a) (7) of the Revenue Act of 1928, 26 U.S.C.A. § 113 note. The facts are as follows. The taxpayer was organized in June 1929 to acquire the assets of four other corporations and the shares of a fifth which we may disregard. It paid for the assets by issuing its preferred and common shares to the shareholders of the sellers on June 20, 1929: 18,804 preferred and 214,744 common. Before its organization, but as a part of it, the parties in interest had contracted with a banker to sell him 34,000 preferred shares, and 34,000 common, which he meant to pass to the public; and on June 20th—at the same time that the shares were issued to the old stockholders—these shares were issued to him for his cheque, and he began to sell them. The result was that 52,804 preferred shares and 248,744 common shares were outstanding; and that the shareholders of the constituent companies held more than 80% of common stock, which had all the voting power, but less than 80% of the preferred and common shares together. The taxpayer says that § 113(a) (7), 26 U.S.C.A. § 113 note, did not apply because the shares bought by the banker must be included within the 80%, and because the definition of the word, "control", in § 112(j), 26 U.S.C.A. § 112(h), did not define the word, "control" in § 113(a) (7). The Board held with the respondent and the taxpayer appealed.

It is quite true that § 112(i), 26 U.S.C.A. § 112(g) note, defines the word, "reörganization", not only when it is used in that section itself, but in §§ 113 and 115, also, 26 U.S.C.A. §§ 113 note, 115: and since "reörganizations" under § 112(i) (1) (B), 26 U.S.C.A. § 112(g) (1) (B) note, depend upon "control" as defined in § 112(j), 26 U.S.C.A. § 112(h), in this indirect way it may be said that § 112(j) extends to § 113. But § 112(j) was expressly limited to § 112, and there is no warrant for saying that it defined the word, "control", when that word was used in § 113(a) (7). If, for example, the words of § 112(j) are substituted for the word "control" in § 113(a) (7), the result is as follows: "If * * * immediately after the transfer an interest or ownership of at least 80 per centum of the voting and at least 80 per centum of the total number of shares of all other classes of stock remained" etc. The resulting contrast between "interest" and "ownership" is meaningless, and it is clear that "control" was not so used, but was meant as an alternative to proprietary interest; that is, as voting control. Section 113(a) (7) required the sellers in all reörganizations to use the old basis if either control, or ownership remained in their hands. So much for the hypothesis that the banker's shares were to be counted; if they were not, concededly the Board was right.

The taxpayer also seeks to raise its basis by the amount of the debts of the constituent companies which it assumed. Its theory is that this was the equivalent of payment under the ruling in United States v. Hendler, 303 U.S. 564, 58 S.Ct. 655, 82 L.Ed. 1018, and that § 113(a) (7) added such increases. Aside from the fact that the point was raised for the first time in this court, the record does not show that any of the assumed debts were paid during the year 1929. To assume the debts of a company is not to pay "property or money" to the promisees.

Order affirmed.