## PENDER et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4532.

Circuit Court of Appeals, Fourth Circuit.

March 11, 1940.

Writ of Certiorari Denied June 3, 1940.

See 60 S.Ct. 1103, 84 L.Ed. ——.

Richard B. Barker, of Washington, D. C. (Ivins, Phillips, Graves & Barker of Washington, D. C., on the brief), for petitioners.

John J. Pringle, Jr., Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals holding deduction of loss sustained in the sale of real estate to be subject to the limitation of $2,000.00 prescribed by Sec. 117(d) of the Revenue Act of 1934, 48 Stat. 680, 26 U. S.C.A. Int.Rev.Acts. Petitioners are David Pender and wife of Norfolk, Va., who filed a joint income tax return for the year 1935. In 1928, in a transaction entered into for profit, they acquired title to real property located on Boush Street in Norfolk and assumed indebtedness against it secured by deed of trust. On December 5, 1935, after certain capital improvements had been made on the property, its depreciated cost to petitioners was $159,419.21, and the amount of the notes outstanding secured by the deed of trust was $41,224.05. On that date, petitioners conveyed this property, together with another piece of real estate worth $10,000, to the holders of the notes in satisfaction of the indebtedness evidenced thereby. The loss to petitioners on the two pieces of property so conveyed was $129,041.78; and they sought a deduction from income on account thereof in the sum of $51,216.30, which resulted in a showing of no tax liability on their return. The Commissioner disallowed the deduction, however, except to the extent of $2,000, and the Board of Tax Appeals affirmed his action thereon. The facts surrounding the conveyance of the property were thus found by the Board: "On December 5, 1935, the notes secured by the Boush Street property were past due both

as to principal and interest in the total amount of $41,224.05. Prior to this date the mortgagees had made persistent demands that the debt be paid and threatened foreclosure if payment was not forthcoming. Petitioner was unable to pay the debt in cash and offered to convey his rights in the property in satisfaction of the debt. The mortgagees refused this offer and demanded a statement showing petitioner's financial condition. This statement showed that petitioner owned the National Lane property above described which was unencumbered and at that time had a market value of $10,000. To prevent foreclosure petitioner conveyed to the mortgagees his title to the Boush Street property and in addition conveyed to them the National Lane property in consideration of his release from all liability with respect to the mortgage indebtedness."

Sec. 117(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, provides: "(d) Limitation on Capital Losses. Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges."

 It is admitted that the property conveyed constituted capital assets of petitioners, but the contention is made that there was no sale or exchange within the meaning of this section, but a mere surrender of property in extinguishment of an indebtedness. We cannot accept this contention. Prior to the conveyance petitioners were the owners of the property with all the rights of use and enjoyment incident to ownership. The Boush Street property had been conveyed by deed of trust to secure the payment of notes which petitioners had assumed; but this meant no more than that legal title had been conveyed to a trustee who was authorized to sell the property and used the proceeds in payment of the notes in the event of default. Petitioners were the owners of the fee, with power to "lease, sell, and in every respect, deal with the mortgaged premises as owner." Hale v. Horne, 62 Va. 112, 121. When they found themselves unable to pay the notes on maturity, instead of allowing the property to be sold by the trustee, they themselves sold it to the note holder, along with another piece of property, for the amount evidenced by the notes. That this was a sale of the property conveyed within any fair meaning of the term, even though the consideration

was extinguishment of the debt secured by the deed of trust and not payment in money, does not admit of doubt. As said by Mr. Justice Gray in the Five Per Cent Cases, 110 U.S. 471, 478, 4 S.Ct. 210, 214, 28 L.Ed. 198, "A sale, in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent". See, also, United States v. Benedict, 2 Cir., 280 F. 76, 80; 4 Words & Phrases, Second Series, 437, 441. Here the satisfaction of the notes upon which petitioners were liable was unquestionably the equivalent of the payment of money.

If the two pieces of property had been conveyed to an outside party for the amount of the indebtedness and the proceeds of sale used to pay the notes, the statute would admittedly be applicable; and we cannot see that the nature of the transaction was in any way changed because the conveyance was to the holder of the notes. A sale by a mortgagor of his interest in the mortgaged property cannot be deprived of its character as a sale merely because made to the holder of the notes secured by the mortgage. The holder of such notes, it is true, might have an advantage in bargaining power by reason of his ability to force a foreclosure, and this might have weight if the validity of the transaction were attacked in a court of equity; but it could not change the essential nature of the transaction where its validity was not questioned.

A case directly in point is Rogers v. Commissioner, 9 Cir., 103 F.2d 790, 792, certiorari denied 60 S.Ct. 98, 84 L.Ed. ——, rehearing denied 60 S.Ct. 135, 84 L.Ed. ——, which involved a conveyance of mortgaged property to the holders of the notes secured by mortgage for the amount of the mortgage debt. The court said: "The situation is analogous to one where the mortgagor sells the property to a third party for a sum equal to the amount due on his note and then pays the note with that money. The result to the taxpayer would be exactly the same as here, although it could not there be maintained that the taxpayer received nothing of value for the property. Compare United States v. Hendler, 303 U.S. 564, 566, 58 S.Ct. 655, 656, 82 L.Ed. 1018, where the Supreme Court said, 'The Hendler Company was the beneficiary of the discharge of its indebtedness. Its gain was as real and substantial as if the money had been paid it

and then paid over by it to its creditors. The discharge of liability by the payment of the Hendler Company's indebtedness constituted income to the Hendler Company and is to be treated as such.' Taking this view of the facts, we are unable to see where Hale v. Helvering, 66 App. D.C. 242, 85 F.2d 819, relied upon by petitioners, compels a contrary conclusion."

Petitioners call attention to the statement of the court in the Rogers case that there was no showing that petitioners there were unable to pay the indebtedness and point out that that is not the situation here. As indicated above, however, we think that the fact is immaterial. The statement in the Rogers opinion had relation to the fact that the conveyance was a voluntary transaction on the part of petitioners; and certainly the same is true of the conveyance here involved. In fact, the voluntary character of the transaction here is emphasized by the fact that petitioners conveyed to the note holder not only the mortgaged property but also another lot of the value of $10,000, which was unencumbered, showing beyond question that the extinguishment of the indebtedness was a matter of importance to them. Petitioners contend that the transaction was involuntary, since it was entered into under threat of foreclosure and for the purpose of avoiding proceedings in bankruptcy. Petitioners did have a choice, however; and, for the purposes of this decision, the choice was a voluntary one, however distressing might have been the impending evils that prompted .it.

Petitioners rely heavily upon Bingham v. Commissioner, 2 Cir. 105 F.2d 971; but that case does not seem to us to be even remotely in point. It involved a bad debt deduction by a note holder who had accepted a conveyance of mortgaged property in satisfaction of the debt. It is perfectly clear that a note holder in such case has neither sold nor exchanged property, but has merely made a collection on the indebtedness due him. The court very properly held that the statute here involved had no application to such a transaction. Petitioners rely also upon Commissioner v. Freihofer, 3 Cir. 102 F.2d 787, 125 A. L. R. 761. That case, however, dealt with losses sustained by mortgagors resulting from the sale of mortgaged property under foreclosure, in which the titles of the taxpayers were merely extinguished "without recompense". It is fair to assume that both these decisions were called to the attention of the Supreme Court in the application for certiorari in the Rogers case; as the Freihofer case was decided March 15, 1939 and the Bingham case July 26, 1939, and certiorari in the Rogers case was denied October 9, 1939 and rehearing on the application was denied November 6, 1939. The Supreme Court evidently thought, therefore, that there was no conflict between the decisions. Whether the statute here involved has application to a loss sustained by a taxpayer as the result of a sale of his property under an ordinary foreclosure, is a question which is not before us and which we need not decide. The transaction with which we are dealing was clearly a sale by the taxpayer and not a foreclosure.

For the reasons stated, the decision of the Board will be affirmed.

Affirmed.