## DAY'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7327.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1941.

John W. Day, of Chicago, Ill., for petitioner.

S. O. Clark, Jr., John P. Wenchel, Irving M. Tullar, Sewall Key, and John J. Pringle, Jr., all of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The petitioner seeks to review a decision of the Board of Tax Appeals. It involves income taxes for the year 1936, which the Commissioner levied against the estate of petitioner's decedent, and which the Board affirmed. The facts as found by the Board are substantially as follows: On January 25, 1924, and January 25, 1925, petitioner's decedent purchased real estate in Chicago for a cash consideration of $30,000, and a purchase money mortgage for $75,000. Decedent died July 20, 1938. After July 31, 1931, decedent, having defaulted in taxes, principal and interest of the mortgage, compromised the mortgage and in-

terest indebtedness by giving a quitclaim deed to the vendor on March 25, 1936, in consideration of the cancellation of the mortgage and the note secured thereby. There were no foreclosure proceedings. Decedent sustained a loss of $30,000 which he deducted on his tax return for 1936. It was conceded that the property involved was a capital asset.

The Board held that when a mortgagor voluntarily conveys mortgaged property to the mortgagee in satisfaction of the debt secured thereby, the transfer constitutes a sale or exchange of a capital asset within the meaning of Section 117(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 875. Petitioner denies the correctness of this holding and contends that such facts constitute an ordinary loss.

We have held with the Board on this precise question in Wieboldt v. Commissioner, 7 Cir., 113 F.2d 384, and we adhere to that ruling.

The decision of the Board is affirmed.