## KAUFMAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9705.

Circuit Court of Appeals, Ninth Circuit.

May 13, 1941.

A. Calder Mackay, Arthur McGregor, and Howard W. Reynolds, all of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Arnold Raum, and Samuel H. Levy, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Albert A. Kaufman, a resident of California, seeks reversal of a decision of the Board of Tax Appeals redetermining a claimed deficiency in respect of his income tax for 1936.

On May 6, 1923, petitioner organized a California corporation called Albert A. Kaufman Investment Company having an authorized capital of 1,000 shares, all of which, except three qualifying shares, were issued to petitioner. All the shares were issued without consideration. The corporation never transacted any business. Petitioner, however, in transacting his business, sometimes used the corporation's name instead of his own. Thus, on occasion, the corporation served as a mask to conceal petitioner's identity. That appears to have been its sole function.

On May 8, 1929, petitioner and Rodeo Land & Water Company, a California corporation (hereafter called Rodeo), made a contract whereby Rodeo agreed to sell and petitioner agreed to buy Lot 3 of Tract 7954 in Beverly Hills, California, for $25,000, payable in instalments. The contract was evidenced by two written instruments. Both were executed by petitioner. In one petitioner called himself by his right name. In the other he used his corporate sobriquet, "Albert A. Kaufman Investment Company."

On August 30, 1932, petitioner's corporation (Albert A. Kaufman Investment Company) was dissolved, and all its assets—which always, in reality, were petitioner's assets—were distributed to petitioner.

Of the $25,000 which petitioner agreed to pay for the property mentioned, only $20,500 was ever paid. On September 16, 1936, petitioner surrendered the contract for cancellation, and Rodeo released petitioner from his obligation to pay the balance ($4,500) of the purchase price. Thus, in effect, petitioner received $4,500 for property which had cost him $25,000, thereby sustaining a loss of $20,500.

In computing his net income for 1936, petitioner deducted the entire amount of his loss. Respondent, the Commissioner of Internal Revenue, held this was a loss from the sale or exchange of a capital asset,

within the meaning of § 117 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707,[1] and so allowed the deduction only to the extent provided in § 117(d), namely, to the extent of $2,000 and no more. Respondent's action was upheld by the Board.

Petitioner contends that this was not a loss from the sale or exchange of a capital asset, within the meaning of § 117, but was an ordinary loss the full amount of which was deductible under § 23(e) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 672. We rejected a similar contention in Rogers v. Commissioner, 9 Cir., 103 F. 2d 790, 792,[2] the facts of which did not differ materially from the facts of this case. The Rogers decision was right and is now reaffirmed.

Decision affirmed.

---

[1] Act of May 10, 1934, c. 277, 48 Stat. 680–772.

[2] See, also, Pender v. Commissioner, 4 Cir., 110 F.2d 477, 478; Wieboldt v. Commissioner, 7 Cir., 113 F.2d 384, 385; C. L. Grandsen & Co. v. Commissioner, 6 Cir., 117 F.2d 80, 82.