## LARUS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 18.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1941.

Andrew B. Trudgian, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Gerald L. Wallace, and Sherley Ewing, Sp. Assts. to the Atty. Gen., for respondent.

Before SWAN, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This appeal involves a deficiency in income tax for the year 1936 resulting from the disallowance of a loss deduction claimed in the petitioner's return. The petitioner and another were owners, as tenants in common, of real estate which they had purchased for an investment more than ten years before. The property was subject to a mortgage upon which they were personally liable. On January 31, 1936, when the mortgage was in default, they deeded to the mortgagee all their interest in the premises in consideration of obtaining a release from liability on the bond and mortgage. This disposition of the property resulted in a loss to the petitioner of some $12,500 which he sought to deduct in full under section 23(e)(2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 828. The Board held, however, that it was a capital loss subject to the $2,000 limitation of section 117(d), 49 Stat. 1692, 26 U.S.C.A. Int.Rev.Acts, page 873, 875.

■ The question in dispute is whether the loss was sustained "upon the sale or exchange of a capital asset" within the meaning of section 117(a). It has recently been settled beyond cavil that a loss sustained upon sale pursuant to decree in a mortgage foreclosure suit is a capital loss, notwithstanding the involuntary character of the transfer of title. Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Electro-Chemical Co. v. Commissioner, 311 U. S. 513, 61 S. Ct. 372, 85 L.Ed. 308. A fortiori, it would seem that a mortgagor's voluntary conveyance of his equity in satisfaction of the mortgage debt must be a "sale or exchange" and any loss resulting therefrom a capital loss. The cases so hold. Pender v. Commissioner, 4 Cir., 110 F.2d 477, certiorari denied, 310 U.S. 650, 60 S.Ct. 1103, 84 L.Ed. 1416; Rogers v. Commissioner, 9 Cir., 103 F.2d 790, certiorari denied 308 U.S. 580, 60 S.Ct. 98, 84 L.Ed. 486; C. L. Gransden & Co. v. Commissioner, 6 Cir., 117 F.2d 80; Day's Estate v. Commissioner, 7 Cir., 117 F.2d 208. Nothing to the contrary has been called to our attention.

■ The petitioner seeks to escape from these authorities by arguing that his equity in the premises became worthless in January, 1936, prior to the last day of the month, that he and his co-mortgagor decided about January 15th to abandon the property and, therefore, the delivery of their deed to the mortgagee on the 31st was not a sale or exchange "but merely substantiated the fact of an abandonment of the property." The first hurdle which this argument must leap is the Board's finding that the mortgagors' equity had not become worthless at the time of their conveyance to the mortgagee. If this finding stands, the petitioner's argument breaks down at the very outset. The rule that worthlessness of an asset must be established by some identifiable event in order to justify a deduction of the loss is too well established to require the citation of authority. The record discloses no such event. It is true that on December 1, 1935, a tenant, who had occupied part of the building at an annual rental of $3,800, moved out and the mortgagors could find no new tenant and came to the opinion about January 15th that they would never be able to do so; but there were still two tenants in the property whose yearly rentals amounted to $7,200. To be sure the annual operating expenses, including taxes and mortgage interest, were close to $11,000, but property is not necessarily worthless because it does not carry itself when only partially rented, even though a new tenant for the vacancy cannot immediately be found. On January 1, 1936, the assessed value of the property was $12,000 more than the amount of the mortgage. At some unspecified date during 1936 the assessed value was reduced to about $10,000 less than the mortgage, but it does not appear when or why the reduction was made. We can find no identifiable event during the month of January which established the worthlessness of the mortgagors' equity in the property. Nor did the petitioner and his co-owner do anything during the month to carry out the intention they formed about January 15th, to abandon the property. Cf. Commissioner v. Hoffman, 2 Cir., 117 F.2d 987. The petitioner's argument that the conveyance to the mortgagee in satisfaction of the mortgage debt was not a "sale or exchange" fails, and the Board's decision must be affirmed. So ordered.