## FOREST GLEN CREAMERY CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7575.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

Rehearing Denied Dec. 4, 1941.

George J. Dreiske, of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, and Morton K. Rothschild, both of Washington, D. C., for respondent.

Before SPARKS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is a review of several decisions of the Board of Tax Appeals entered May 9, 1940, determining a deficiency of $18,262.-40 in the income tax liability of Forest Glen Creamery Company for the calendar year 1927 and holding five former stockholders of the company liable as transferees. Petitioners seek to reverse also an order entered March 30, 1940, dismissing the petition of Peter Wilson, a deceased former stockholder, for lack of jurisdiction. The causes were consolidated for hearing before the Board and come here by one petition for review.

The Board found that the Creamery Company in 1927 sold its assets, realizing a taxable capital gain upon which it was liable to pay a tax. The petitioners contend that the transaction constituted a sale by the stockholders of their stock in the corporation.

The facts were stipulated. On May 24, 1927, the company entered in an agreement with the National Milk Company wherein it agreed to sell and the latter to purchase all of the assets of the Creamery Company, subject to certain encumbrances, for $475,000, to be paid partly in cash and partly by judgment notes. The vendor agreed to deliver also its outstanding capital stock assigned to the purchaser. The deeds of conveyance, bills of sale and certificates of stock were to be deposited with the Chicago Title & Trust Company as escrow agent, and the consideration to be paid was likewise to be similarly deposited and then distributed to creditors and stockholders. A supplemental agreement was executed on July 14, 1927 between the Creamery Company and the purchaser wherein the original contract was modified in certain particulars not of importance here. On July 27, 1927 the vendor, the purchaser, the Northwestern Securities Company and one Frank Bobrytzke entered into an escrow agreement, under which the original contracts were ultimately carried into execution. The Creamery Company deposited with the escrow agent the deeds, bills of sale and other instruments of title necessary to transfer all of its properties to the purchaser and certificates of its capital stock endorsed in blank. The Northwestern Securities Company deposited $295,000, Bobrytzke, mortgages for $350,000 and $175,000, thus furnishing the consideration necessary to complete the purchase of the properties and the liquida-

tion of the Creamery Company. Subsequently the escrow agent paid from the moneys thus received to preferred stockholders the amount necessary to retire their stock and delivered to the Forest Park State Bank, as trustee for the common stockholders, the balance of the consideration remaining after payment of certain debts. These funds the trustee subsequently distributed to the stockholders in accord with their holdings, each of the petitioner transferees in this case receiving a sum in excess of $28,000.

Each agreement was approved by the directors and stockholders of the Creamery Company. No stockholder was a party to any agreement, but each deposited his stock with the escrow agent and received his distributive share of the proceeds of sale from the trustee.

The Creamery Company made no report of the transaction in its income tax return for the year 1927. The Commissioner, holding that the transaction amounted to a sale of assets resulting in a capital gain, entered a deficiency assessment in the sum of $22,000. Upon appeal to this court the subsequent decision of the Board was reversed upon issues not involved in this review. Commissioner v. Forest Glen C. Co., 7 Cir., 98 F.2d 968. Upon remand the Board reduced the deficiency to $18,262.-40, sustained it in that amount and held the five petitioning stockholders of the Creamery Company liable as transferees for the full amount.

 The essential question is whether the transaction amounted to a sale of assets by the Creamery Company. The stockholders were parties to no contract; made no agreement to sell their stock. The consideration, though not paid directly to the company, was delivered at the direction of the company, as provided in the escrow agreement, to the escrow agent for distribution to the stockholders after payment of debts. In its essence the completed transaction was dual in character. The corporation sold all its assets for a specified consideration. This resulted in a capital gain. It deposited the consideration with a trustee who, after payment of debts, completed the second step in the transaction, namely, liquidation of the corporation and distribution to its stockholders. Thereafter the corporation had no assets and conducted no business. It had completed each of the two steps, first, the sale of assets; second, the distribution among its.

stockholders, who surrendered their shares in accord with the agreement of the corporation in order that they might receive the amount to which they were entitled upon liquidation of the company. Inasmuch as the Board was right in fixing the deficiency of the Creamery Company it necessarily follows that each transferee is liable. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. The fact that the consideration was delivered to a trustee who thereupon paid it to stockholders instead of directly to the corporation is of no importance. Compare Minnesota Tea Co. v. Helvering, 302 U.S. 609, 58 S.Ct. 393, 82 L.Ed. 474; United States v. Hendler, 303 U.S. 564, 58 S.Ct. 655, 82 L.Ed. 1018.

Petitioners contend that under Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 the assessment and order were arbitrary and unreasonable to such an extent as to exonerate the petitioners. But we do not so read that opinion. There the taxpayer had transferred to a holding company in exchange for its stock certain securities which the holding company sold the next year for $194,000 from which it paid the taxpayer $99,000 for preferred stock. The Supreme Court merely held that the Court of Appeals, 2 Cir., 70 F.2d 619, had not erred when it reversed and remanded with directions to the Board to determine the proper allocation of the proceeds amongst the different classes of securities held by the taxpayer. No such matter is involved here. We have no dispute as to basis and amount of computation or method of allocation. Our only question is whether there was a sale by the Creamery Company at a profit. That having been decided in the affirmative, the liability of the transferees follows.

■ Petitioners question the correctness of the order dismissing the petition filed in the name of Peter Wilson, one of the former stockholders and transferees. This petition was dismissed on March 30, 1940. Petition for rehearing was filed on April 29, 1940 and denied on April 30. Under the statute Section 1142, 26 U.S.C.A. Int. Rev.Code, petitioners had a right to file a petition for review within three months from, at the latest, April 30, 1940. This petitioners failed to do, but filed one on August 7, 1940, after the time allowed by law had expired. We have, therefore, no jurisdiction to review the decision of the Board in this respect. Smith v. Commissioner, 4 Cir., 67 F.2d 167.

The decision is affirmed.