COMMISSIONER OF INTERNAL REVE-
NUE v. ABRAMSON.

ABRAMSON v. COMMISSIONER OF
INTERNAL REVENUE.

COMMISSIONER OF INTERNAL REVE-
NUE v. LEVY.

LEVY v. COMMISSIONER OF INTERNAL
REVENUE.

Nos. 101, 102.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1942.

Elliot A. Daitz, of New York City, (Herman Zarin and Sidney Stark, both of New York City, of counsel), for Joseph G. Abramson and Joseph Levy.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Michael H. Cardozo, IV, Sp. Assts. to Atty. Gen., for the Commissioner.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Joseph G. Abramson and Joseph Levy each owned a one-third interest in a partnership during 1934, the taxable year here involved. The partnership, at the beginning of that year, owned two separate parcels of real estate in the City of New York; one on West 44th Street and one on West 43rd Street. It sustained losses on both parcels and each of the above taxpayers claimed as a deduction in 1934 his proportionate share as an ordinary loss. The Commissioner disallowed the entire deduction claimed for the loss on the 43rd Street property on the ground that the loss did not occur in the taxable year. He then determined a deficiency. The taxpayers petitioned for review.

The Commissioner disallowed a part of the claimed deduction for the loss on the 44th Street property on the ground that it was a capital loss for which deduction was limited by Sec. 117(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 708. The Board sustained the contention of the taxpayers and the Commissioner has petitioned for review. The petitions were heard together on one record.

The 43rd Street property was bought by the partnership in 1925 for $185,000 subject to a mortgage of $104,500 on which the taxpayers did not become personally liable. In 1934 the investment of the partnership in the premises was $59,982.07 after deduction of a first and second mortgage and $15,517.93 for depreciation, as to which there is no dispute. On September 21, 1934, when interest of more than $7,000 on the first mortgage was in arrears and there were taxes to the amount of $5,252.27 due the City of New York, Abramson, acting for the partnership,

wrote to the first mortgagee, which had threatened to foreclose, offering to deed the property to it without any consideration or to assign the rents or furnish "any other evidence of the fact that my clients surrender their interest in the property." The mortgagee believed that under the state law it would not be advisable to accept a voluntary deed and commenced foreclosure proceedings on September 28, 1934. The following day a receiver was appointed. The foreclosure proceedings were uncontested and were carried to judgment which was entered on March 23, 1935. The foreclosure sale, at which the mortgagee bought in the property, was held the next April and the referee's deed dated May 1, 1935, was duly delivered. On November 27, 1934, the taxpayers, in connection with a claimed violation of a city ordinance respecting the property, had advised the City of New York that they were "no longer interested" in the property.

█ We held in Commissioner v. Hoffman, 2 Cir., 117 F.2d 987, that where a taxpayer proved adequately that his title to real estate became worthless during the taxable year he might take a deduction even though he still retained the bare title. This situation differs in that here the taxpayers did not prove that in 1934 their equity ceased to have any value and we are not disposed to extend the decision in the Hoffman case beyond its own facts. The Board found correctly that "there is no showing as to the value of the property in 1934, and we are unable to determine that such value was less than the amount of the incumbrances on the property and that, consequently, the partnerships' retained title was devoid of value in 1934." Without proof that they had no equity having a value in 1934 the taxpayers failed to prove worthlessness. Nor did they prove any abandonment before the foreclosure suit was commenced. Though they offered to assign the rents, there is no proof that they did not continue to collect them until the receiver in foreclosure was appointed. Proof of the foreclosure proceedings was the proof which established any loss. That was in 1935 instead of the year for which the deduction was claimed and the Board's redetermination as to this issue is, accordingly, affirmed.

█ There was also a mortgage on the 44th Street property on which interest was overdue in 1934 and on which taxes due the City of New York were in arrears. The taxpayers were not personally liable on the mortgage. The mortgagees started foreclosure proceedings in May 1934 which went to a judgment of foreclosure and sale entered August 25, 1934. The sale took place on Oct. 2, 1934, when the mortgagees purchased without right of redemption. The Board, relying upon Commissioner v. Freihofer, 3 Cir., 102 F.2d 787, 125 A.L.R. 761, reversed the Commissioner who had treated the loss as a capital one for which a deduction was limited by Sec. 117 (d) of the Revenue Act of 1934 and allowed it in full as for an ordinary loss. But since its decision the Supreme Court has held the contrary. Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Electro-Chemical Co. v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308. And so have we. Larus v. Commissioner, 2 Cir., 123 F.2d 254. Those cases control here unless they should be distinguished from this one because here the taxpayers were not personally liable on the mortgage. We cannot believe that that is a real difference on the question of whether or not the loss is for tax purposes a capital one or an ordinary one. In both instances the title is transferred as the result of foreclosure proceedings and consequently by means of a sale within the provisions of Sec. 117; and in both the sale is the event which makes it possible to prove the loss. The latter might be greater in amount where personal liability existed but what fixed the loss taxwise would be the same. Our conclusion that personal liability on the mortgage does not change the character of a loss sustained on foreclosure is fortified by Helvering v. Nebraska Bridge Supply & Lumber Co., 312 U.S. 666, 61 S.Ct. 827, 85 L.Ed. 1111, where it was held that a tax sale loss was a capital one though the property owner was not personally liable for the taxes. Compare, Welch v. Street, 1 Cir., 116 F.2d 953, and Commissioner v. Peterman, 9 Cir., 118 F.2d 973.

The decision of the Board, that the deduction claimed is allowable in full as for an ordinary loss, is reversed.