## RICHTER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 61.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1942.

Goldsmith, Jackson & Brock, of New York City, (Osmond K. Fraenkel and Charles H. Levitt, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Sherley Ewing, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The material facts were stipulated and are that the petitioner took title in 1928 to a parcel of real estate in the City of New York, consisting of three stores and business lofts leased to individual tenants, which was subject to a consolidated mortgage of $200,000. In 1930 she made an extension agreement with the mortgagee under which she and her husband assumed personal liablity for the mortgage debt. In 1935 she sustained a net operating loss on the property and on April 29, 1936, when interest on the mortgage and taxes on the property were overdue and unpaid, she conveyed the property to the mortgagee by quitclaim deed in which it was recited that it was subject to a mortgage held by the grantee and that the parties did not intend to effect a merger but to have the mortgage remain a lien. The consideration for the deed, which was recorded on May 6, 1936, was stated to be one dollar. The petitioner paid the mortgagee $15,000 on the day the deed was executed and later received a release in full from personal liability on the mortgage debt. This release was executed by the mortgagee on May 1, 1936, and it was recited therein that the mortgagee was the lawful owner of the mortgages which were described and which "were consolidated so as to constitute one first mortgage lien"; that by the extension, the petitioner and her husband became personally liable for the mortgage debt; and that in consideration of the payment to it of $15,000 the mortgagee had, at their request, released them from all such liability.

This was followed by a written agreement made by the mortgagee and the petitioner on May 5, 1936, pursuant to which the petitioner paid the mortgagee $850. This was the amount of deposits by tenants she held as security for the performance by them of their lease covenants and in this agreement there was a recital that "by deed intended to be delivered simultaneously herewith" the petitioner was to convey the premises to the mortgagee in lieu of the foreclosure of the mortgage by it.

The controversy is whether an admitted loss sustained by the petitioner when she conveyed the property to the mortgagee is deductible in full as an ordinary loss or only partially as a capital loss restricted as to deductibility by the provisions of Sec. 117(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 875. The Board, deciding that the conveyance of the property and the release from personal liability were "but parts of the same transaction," held that the loss was deductible only to the extent a capital loss is deductible under the above section.

Decision here may well turn upon whether or not the conclusion of fact by the Board is supported by the record. As the petitioner was bound to prove facts showing that she was entitled to the deduction claimed, the Board's conclusion is in accord with the record unless the evidence did show clearly that the conveyance of the property was a transaction separate and distinct from the payment of $15,000 for the release. Otherwise, the conveyance was in part consideration for the release and the loss resulted from the sale of a capital asset within the meaning of the above statute. Rogers v. Commissioner, 9 Cir., 103 F.2d 790; Pender v. Commissioner, 4 Cir., 110 F.2d 477. That the petitioner should desire to be released from personal liability on the mortgage when she conveyed her interest in the mortgaged property was but a natural inference to draw from the evidence. Equally so would be her desire to hold any cash payment to the minimum by coupling the conveyance with the obtaining of the release. If she did not, she would still be liable after the conveyance for whatever might be the deficiency and would have relinquished, almost, if not quite, gratuitously, part of her power to bargain for a release. In such circumstances it was incumbent upon her, in support of her claimed right to deduct her entire loss, to show with reasonable clarity that the conveyance of her interest in the property was not part of the consideration she gave for the release she secured during the time the arrangement she made with the mortgagee, whatever it may have been, was being carried out. Having failed to do that, she left the Board free to decide as it did that the transaction was entire and was a sale of the property which made the loss deductible only as a capital one in the amount limited by the provisions of Sec. 117(d) of the Revenue Act of 1936.

Affirmed.