HELVERING, Com'r of Internal Revenue, v. TAYLOR et al.

No. 275.

Circuit Court of Appeals, Second Circuit.

June 19, 1942.

Arthur A. Armstrong, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Samuel H. Levy, Sp. Assts. to the Atty. Gen., for petitioner.

Eugene L. Bondy, of New York City, (Bondy & Schloss and Charles Kurz, of New York City, of counsel), for respondents.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Affirmed on so much of the opinion of Murdock, Member, as is quoted below.

"The first contention of the petitioner is that the new company acquired all of the properties of the old company solely in exchange for its stock within the meaning of (B). The real question is whether the issuance of its bonds by the new company in exchange for the bonds of the old company may be regarded as the assumption of the liability of the old company within the meaning of (B) rather than an exchange of those bonds for the properties of the old company. The agreement expressly provided that the new company would assume some of the debts of the old company, but did not use the word 'assume' in connection with the two outstanding bond issues. The proceeding under 77B of the Bankruptcy Act [11 U.S.C.A. § 207] was necessitated by default on the past due bonds of the old company. A mere statement by the new company that it assumed the obligation of the old company on its bonds would have been insufficient because they would have remained in default. Thus, a new bond issue had to be substituted for the old issue. That was one of the chief purposes and one of the chief accomplishments of the plan. The new company in effect did assume the bonded indebtedness of the old company, since it put itself in the place of the old company and agreed to pay the amount of principal and interest owed by the old company to the very same creditors, the holders of the old bonds. Thus, unless there is some magic in the use of the word 'assume', the present case comes within the statute.

"The 1939 amendment made a change in the language of (B) relating to this kind of reorganization. The purpose of the change was explained as follows in the report of the Ways and Means Committee, 76th Congress, 1st session, Rept. No. 855, p. 19:

"'* * * The recent Supreme Court case of United States v. Hendler, (303 U. S. 564 (1938)) [58 S.Ct. 655, 82 L.Ed. 1018] has been broadly interpreted to require that, if a taxpayer's liabilities are assumed by another party in what is otherwise a tax-free reorganization, gain is recognized to the extent of the assumption. In typical transactions changing the form or entity of a business it is not customary to liquidate the liabilities of the business and such liabilities are almost invariably assumed by the corporation which continues the business. Your Committee therefore believes that such a broad interpretation as is indicated above will largely nullify the provisions of existing law which postpone the recognition of gain in such cases. To enable bona fide transactions of this type to be carried on without the recognition of gain, the committee has recommended Section 213 of the bill.'

"The present transaction would seem to come within the intent of Congress. The new company acquired substantially all of the properties of the old company solely in exchange for its stock and at the same time substituted its bonds for the liability of the old company on the old bonds."