## HAZELTON v. STATE TAX COMMISSION

Edward V. O'Reilly, Eugene, submitted a brief for plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, submitted briefs for defendant.

Decision for plaintiff rendered October 15, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside defendant's Opinion and Order No. I-64-20, affirming the assessment of additional personal income taxes against plaintiff for 1963.

Plaintiff Byron W. Hazelton is an officer of the Oregon National Guard assigned on pay status to duty at Eugene, Oregon. He resides and is regularly employed as a State Police Officer in Salem. During 1963, he made numerous trips to Eugene to perform his duties as a National Guard Officer. He received compensation for his military service but no travel expense reimbursement. On their 1963 personal in-

come tax return, plaintiffs deducted the travel expenses to Eugene for military duty as ordinary and necessary business expenses. Defendant disallowed this deduction and assessed the deficiency in question.

The sole issue is whether a National Guard member who resides and is gainfully and primarily employed in one city and who is assigned on pay status to a National Guard unit in another city not in the immediate locale of his home may deduct, as ordinary and necessary business expenses, his travel expenses to attend National Guard drills at his out-of-town assigned unit.

██ Under a similar statute the federal government allows such income tax deduction. Rev. Rul. 55-109. Legislative intent is presumed in most income tax cases to follow the federal rulings when the statutes are similar. *Ruth Realty Co. v. Tax Commission,* 222 Or 290, 353 P2d 524 (1960). While there are valid exceptions to this rule, this court finds none here and no reason for not interpreting Oregon law in conformity with the letter and spirit of the federal interpretation.

The result of such conformity is to determine the issue in the affirmative. Plaintiff shall prepare a decree herein setting aside defendant's assessment and allowing no costs to either party.