## MITCHELL BROS. TERMINAL CO. *v.*
## DEPARTMENT OF REVENUE

Howard N. Dietrich, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered October 30, 1972.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from defendant's Order No. I-71-20, assessing additional corporation excise tax for the years 1968 and 1969, finding that ORS 317.236(1) applied to a transaction involving exchange of property and the plaintiff had a taxable gain of $150,615 on the exchange. Plaintiff argued that the provisions of ORS 317.231 applied and no gain should be recognized.

The facts are not disputed. In 1968, Mitchell Bros. Terminal Co. (hereinafter referred to as "Mitchell") wished to replace the terminal facility used in its

trucking business with a larger one. After search, it found a suitable facility which was owned by Schnitzer Investment Corporation ("Schnitzer"). Schnitzer and Mitchell agreed on a value of $600,000 for the Schnitzer terminal and a value of $300,000 for the Mitchell terminal. Mitchell proposed to trade its terminal and $300,000 cash to Schnitzer for the $600,000 building. Schnitzer was interested in an exchange but did not wish to receive any cash payment but was agreeable to accepting the Mitchell terminal and a parcel of improved real property owned by the Dan Davis Corporation ("Davis"). Mitchell entered into an earnest money agreement with Davis, offering to pay $850,000 for the Davis property, with $5,000 down, $295,000 upon delivery of a title report and deed, and the balance of $550,000 by the assumption of an existing mortgage in favor of an insurance company, all subject to the completion by Mitchell of an exchange with Schnitzer for the latter's building. Schnitzer executed an exchange agreement which provided that Schnitzer would exchange its terminal property to Mitchell free of debt in exchange for Mitchell's terminal free of debt, and the Davis property, subject to the existing mortgage but limited to $525,000 (the difference being paid by Mitchell). The entire transaction was closed through an escrow arrangement in June 1968, with a recording of three deeds, as follows: A warranty deed from Davis to Mitchell for the Davis property, Mitchell assuming a mortgage balance of $547,508.44; a warranty deed from Mitchell to Schnitzer, conveying the Mitchell terminal free and clear of debt and the Davis property subject to the mortgage balance of $525,000, assumed by Schnitzer; a warranty deed from Schnitzer to Mitchell, conveying the Schnitzer terminal free and clear of debt.

The applicable law is to be found in the Corporation Excise Tax Law of 1929, ORS chapter 317, an excise tax imposed upon corporations doing or authorized to do business within Oregon, measured by net income. The ordinary rule is that upon the sale or exchange of property, the entire amount of the gain or loss, as determined under ORS 317.210, shall be recognized. ORS 317.225. An exception to the rule is to be found in provisions adopted from the Int Rev Code of 1954, § 1031(a) and (b), which must be determinative of the present issue and which are codified in the Oregon statute as follows:

ORS 317.231 [Exchanges solely in kind]:

"(1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment."

ORS 317.236 [Exchanges not solely in kind]:

"(1) If an exchange would be within the provisions of subsection (1), (2), (4), (5), (6) or (8) of ORS 317.231, if it were not for the fact that the property received in exchange consists not only of property permitted by such subsection to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient, shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property."

A useful discussion of the Congressional intent respecting Int Rev Code of 1954, § 1031, is found in

*Jordan Marsh Co. v. Comm.*, 269 F2d 453 (2d Cir 1959), 4 AFTR2d 5341, 59-2 USTC ¶ 9641. These statutes are aids in tax planning. See 20 J of Tax 52 (1964).

Regulations and decisions pertaining to Int Rev Code of 1954, § 1031, are applicable to derivative state law; administrative and judicial interpretations of pertinent federal law will be followed. *Ruth Realty Co. v. Tax Commission*, 222 Or 290, 353 P2d 524 (1960); *Hazelton v. Commission*, 2 OTR 50 (1964).

██ The usual rule of statutory construction of provisions exempting or postponing the taxation of income is the rule of strict construction and the exception to the recognition of gain or loss on a sale or exchange provided in Int Rev Code of 1954, § 1031, will be strictly construed. *Badgett v. United States*, 175 F Supp 120 (WD Ky 1959), 3 AFTR2d 973, 59-1 USTC ¶ 9336; *Ethel Black*, 35 TC 90 (1960); *Midfield Oil Co.*, 39 BTA 1154 (1939); citing 3 Mertens, *Law of Federal Income Taxation*, § 20.22, at 76. As stated in 3 Mertens, *supra*, § 20.16, at 70, quoting the federal regulations under the Int Rev Code of 1939, Reg 118, § 39.112(a)-1:

"(b) * * * The underlying assumption of these exceptions is that the new property is substantially a continuation of the old investment still unliquidated; * * *."

In 3 Mertens, *supra*, § 20.16, at 68, it is stated:

"In considering the question whether a particular exchange falls within the exceptions to the general rule recognizing gain or loss, it is necessary not only to consider the specific language of the Code, but also to inquire whether the transaction comes within 'the plain intent of the statute' in order that artifice may not be exalted over reality. * * *"

Continuing in 3 Mertens, *supra,* § 20.140, at 628:

"Between taxable sales, exchanges and distributions on the one side and nontaxable transactions on the other, fall the hybrids, that is, exchanges or distributions where there are received two classes of consideration, some taxable and some nontaxable. The taxpayer in such cases is treated by the Code as retaining his original investment in changed form with respect to the nontaxable consideration received and hence with respect to that, no gain or loss is recognized. But as to the taxable consideration, that is, the cash or different 'other property' also received (not representing a mere change in form), no reason exists for not recognizing so much of any realized gain as may be contained therein. * * *"

Counsel agreed at the trial that the Davis property was not qualified for exchange. The term "boot" is customarily used to designate money or other property. In the present case, it applies to the benefits gained by Mitchell from Schnitzer upon the latter's assumption of the preexisting mortgage on the Davis property, which had become part of Mitchell's contract obligation as between it and Davis, but, in turn, was assumed by Schnitzer. The assumption of obligations of a taxpayer by a solvent third person, constituting boot in an exchange, is treated as money received. *Crane v. Commissioner,* 331 US 1, 67 S Ct 1047, 91 L Ed 1301 (1947); *United States v. Hendler,* 303 US 564, 58 S Ct 655, 82 L Ed 1018 (1938); *Smith v. Commissioner,* 324 F2d 725 (9th Cir 1963), 12 AFTR2d 6023, 64-1 USTC ¶ 9104; *Gabe P. Allen,* 10 TC 413 (1948); *Walter F. Haass,* 37 BTA 948 (1938); *Brons Hotels, Inc.,* 34 BTA 376 (1936). Following this rule, defendant has

based its additional tax upon the following calculation:

| | | |
|---|---|---:|
| Agreed value of Schnitzer terminal, purchased by Mitchell | | $ 600,000 |
| Amount of mortgage on Davis property, assumed by Schnitzer, relieving Mitchell | | 525,000 |
| Total consideration received by Mitchell | | $1,125,000 |
| Mitchell's basis in terminal conveyed by it to Schnitzer | $124,385 | |
| Mitchell's basis in Davis property, conveyed to Schnitzer | 850,000 | |
| Subtotal | | 974,385 |
| Gain realized by Mitchell on exchange (an amount less than value of mortgage assumed) | | $ 150,615 |

It would appear that this would settle the question. However, plaintiff has strongly urged that the transaction comes squarely within the like-for-like exchange contemplated by Int Rev Code of 1954, § 1031(a), that the Davis transfer is a collateral matter as to which plaintiff experienced neither gain nor loss, that plaintiff did not receive "other property," that there should be a total deferral of the gain attributable to the Mitchell terminal, and that taxation in this instance would be a triumph of form over substance.

Plaintiff appears to overlook the pertinent federal regulation under Int Rev Code of 1954, Reg § 1.1031 (d)-2, applicable to the years in question:

"For the purposes of section 1031(d) [basis], the amount of *any liabilities of the taxpayer as-*

sumed by the other party to the exchange (or of *any liabilities to which the property exchanged by the taxpayer is subject*) is to be treated as money received by the taxpayer upon the exchange, * * *." (Emphasis supplied.)

This regulation clearly treats the assumption of liability by the taxpayer's transferee as money received by the taxpayer, whether the property qualifies within § 1031(a) or is nonqualifying under § 1031(b) of the Int Rev Code of 1954. (The converse is also followed; i.e., the taxpayer can offset against liabilities assumed by the transferee his assumption of transferee's liabilities on nonqualifying property. See *Brons Hotels, Inc., supra*.) The court must follow this long-established regulation. No case has been cited authorizing any other treatment under the facts of this case.

The Davis Building is unqualified property and an integral part of the exchange; the assumption of the mortgage by Schnitzer is the equivalent of the payment of money to Mitchell.

The defendant's Order No. I-71-20 is affirmed and the defendant is entitled to its costs.