T.C. Memo. 1998-173

UNITED STATES TAX COURT

SHIRLEY DEAN EMMONS AND CHARLES W. EMMONS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17294-95.                          Filed May 11, 1998.

Shirley Dean Emmons and Charles W. Emmons, pro sese.

William I. Miller, for respondent.

MEMORANDUM OPINION

GALE, Judge:  Respondent determined a deficiency in
petitioners' 1991 Federal income tax in the amount of $13,349, an
addition to tax under section 6651(a)(1)[1] in the amount of

_____

[1] Unless otherwise noted, all section references are to the
Internal Revenue Code in effect for the year in issue, and all
Rule references are to the Tax Court Rules of Practice and
                                        (continued...)

$2,002, and an accuracy-related penalty under section 6662(a) in the amount of $2,670.

After concessions,[2] the issues for decision are as follows: (1) Whether petitioners must recognize long-term capital gains from the foreclosure sale in 1991 of two parcels of real property held by them; (2) whether petitioners are entitled to a deduction for ordinary losses for their equity interests in the properties sold by foreclosure in 1991; (3) whether petitioners are liable for an addition to tax under section 6651(a)(1); and (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a) for substantial understatement of tax.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioners resided in Chicago, Illinois. In 1991, petitioners owned two rental income properties that they had owned for more than 1 year. These properties were located in Chicago, Illinois, at 5335 South Honore (Honore property) and 7332 Campbell (Campbell property).

In 1991, petitioners' adjusted basis for the Honore property was $32,963, and they were personally liable for a mortgage on

---

[1](...continued)
Procedure.

[2] Petitioners did not contest and are therefore deemed to have conceded respondent's determination that they had additional interest income in 1991. Rule 34(b)(4).

the property in the amount of $43,356. The property was foreclosed and sold in that year for $54,435. Of this amount, $43,356 was used to pay off petitioners' mortgage on the property. Petitioners did not receive any other amounts from the sale.

In 1991, petitioners' adjusted basis for the Campbell property was $84,459, and they were personally liable for a mortgage on the property in the amount of $88,491. The property was foreclosed and sold in that year for $106,620. Of this amount, $88,491 was used to pay off petitioners' mortgage on the property. Petitioners did not receive any other amounts from the sale.

On their 1991 Federal income tax return (return), petitioners did not report any gain with respect to the foreclosure transactions, but instead claimed a deduction for ordinary losses on Form 4797 in the amount of $13,600, which petitioners computed as the excess of the properties' foreclosure sales prices over the mortgage balances plus depreciation. In effect, petitioners claimed a loss for their equity in the properties less depreciation.

Petitioners' return was filed on October 16, 1992.

In the notice of deficiency, respondent disallowed the $13,600 in claimed losses and determined that petitioners had long-term capital gains in the amount of $43,633, computed as the

difference between the total sales prices from both sales ($161,055) and petitioners' total adjusted basis in both properties ($117,422). The parties now stipulate that petitioners did not receive the sales proceeds that exceeded the amounts due on the mortgages. As a result, respondent has conceded $29,208 of the $43,633 adjustment for capital gains, and now contends that petitioners only had gain of $14,425, which is the difference between their total adjusted basis in the two properties ($117,422) and the combined mortgage liabilities from which they were relieved ($131,847). Petitioners continue to claim that they had no gain because they did not receive any proceeds from the foreclosure sales.

Section 1001(a) defines gain or loss from the sale or other disposition of property as the difference between the "amount realized" and the taxpayer's adjusted basis in the transferred property. The amount realized is the sum of any money received plus the fair market value of the property (other than money) received. Sec. 1001(b). The amount realized from a sale or disposition of property includes the amount of liabilities from which the transferor is discharged as a result of the sale or disposition, including a sale in foreclosure. Crane v. Commissioner, 331 U.S. 1 (1947); United States v. Hendler, 303 U.S. 564 (1938); Chilingirian v. Commissioner, 918 F.2d 1251 (6th Cir. 1990), affg. T.C. Memo. 1986-463; sec. 1.1001-2(a)(1), Income Tax Regs.

As a result of the foreclosure sales, petitioners were relieved of personal liabilities totaling $131,847, and it has been stipulated that they received no other amounts from the sales. Accordingly, the amount realized by petitioners was $131,847. The parties have stipulated that petitioners' adjusted basis in the properties totals $117,422, and that both properties were held for more than 1 year. Petitioners, therefore, recognized a long-term capital gain in the amount of $14,425 from the foreclosure transactions, measured as the difference between the amount realized and their adjusted basis.

Petitioners argue that they could not have had any capital gain from the foreclosures because they lost the properties and even though the foreclosure proceeds exceeded their mortgage liabilities, none of the proceeds was received by them. We note first that respondent is no longer attempting to tax petitioners on the proceeds that exceeded the mortgage payoffs. But as to the proceeds used to pay off the mortgages, petitioners apparently believe that they must have actual receipt of money or property in order to have taxable gain for income tax purposes. This contention has been rejected by the Supreme Court. Crane v. Commissioner, supra at 13; United States v. Hendler, supra at 566. Rather, a taxpayer is treated as having gain when he benefits from having his debts paid off, as if the money were first paid to the taxpayer and then paid over by him to his creditors. Crane v. Commissioner, supra; United States v.

Hendler, supra.  Therefore, a taxpayer who transfers mortgaged property, whether to the mortgagee or another third party, and is discharged from his liability on the mortgage debt in consideration for the transfer, realizes a benefit in the amount of the liability discharged.  In the instant case, this reasoning dictates that petitioners have taxable capital gain to the extent that their personal mortgage indebtedness, paid off with the foreclosure proceeds, exceeded their basis in the properties. Crane v. Commissioner, supra; United States v. Hendler, supra; Chilingirian v. Commissioner, supra.

Petitioners' claim that they are entitled to a deduction for ordinary losses equal to their equity in the properties less depreciation is without merit because, as discussed above, their amount realized as a result of the foreclosures exceeded their adjusted basis in the properties.

Respondent determined an addition to tax under section 6651(a)(1) for the late filing of petitioners' return.  The return was due on April 15, 1992, and filed on October 16, 1992. There is no evidence of an extension to file.  Section 6651(a)(1) imposes an addition to tax for failure to file timely Federal income tax returns unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioners have not addressed the late filing or offered any reasonable cause

therefor.  Accordingly, we find petitioners liable for the addition to tax under section 6651(a)(1).

Respondent also determined that petitioners are liable for the accuracy-related penalty for substantial understatement of tax under section 6662(b)(2).  In this regard, petitioners have not provided substantial authority for the positions taken on their return.  In fact, Mrs. Emmons testified that the accountant who prepared the return informed her that the foreclosure transactions resulted in taxable gain to petitioners and that she nonetheless insisted that the return be prepared showing losses on these transactions.  Furthermore, petitioners did not make disclosures within the meaning of section 6662(d)(2)(B)(ii).  Therefore, due to the concessions made by the parties and the findings herein, the penalty will be sustained in the event the Rule 155 computation indicates that petitioners' understatement of tax exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return.

To reflect the foregoing and concessions,

Decision will be entered

under Rule 155.